### DAVISON v MIARS et

Ohio Appeals, 2nd Dist, Greene Co.

No. 458. Decided April 5, 1940.

Swaney & Creager, Dayton, for plaintiff-appellant.

Miller & Finney, Xenia, for defendants-appellees.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from the order of the Court of Common Pleas sustaining a motion of the defendants for directed verdict and from the judgment on the verdict so returned.

The cause of action asserted by the plaintiff has so many angles that it will be necessary to quote from the petition somewhat at length.

It is stated that Cora B. Miars is the widow of Fremont Miars and as such has inherited a portion of his estate; that the defendant, Margaret Anderson is the daughter of the said Fremont Miars and the administratrix and that as such daughter she has inherited a portion of his estate and that the defendant, Ralph H. Hurley, is a tenant on the real estate by virtue of a contract with the defendants, Cora B. Miars and Margaret Anderson.

It is alleged that prior to October 1, 1937, the plaintiff and Fremont Miars entered into a contract by which the said Fremont Miars agreed to set aside 5½ acres of his real estate upon which it had been difficult to get a stand of alfalfa and that plaintiff should pre-

pare the seed bed and furnish the seed and make an effort to get a good stand of alfalfa for the 1938 cuttings; that Miars would set apart another portion of his land containing 5½ acres and that upon the second portion the plaintiff would plant such a crop as Miars should determine, all of said crop to be the property of Miars and that in consideration of the plaintiff's labor and tools on both said tracts and in consideration of his furnishing seed for the alfalfa to be grown upon the first 5½ arce tract, plaintiff was to receive all the alfalfa to be cut in 1938 on the first mentioned tract; that in reliance upon the agreement, plaintiff entered upon the first tract and prepared the same as a seed bed and performed all that he was called upon to perform in the year 1937 and that he was at all times able and willing to perform the second portion of his contract by preparing the second tract for seed and putting out such a crop as might be determined and that he offered to do this.

Miars died on the 7th of October, 1937, and the defendant, Margaret Anderson was appointed administratrix; that at a time subsequent to her appointment, plaintiff duly presented to her and to her mother his rights under said contract and the obligation of the estate to him; the alfalfa to be harvested in 1938 off the first tract. With knowledge of his claim, Margaret Anderson, as administratrix, did not list said obligation as an obligation against the estate of her deceased father but, as a fraud upon the plaintiff's rights, made a report that there was no debts against the estate; that no notice was given of the filing of the report and the plaintiff was not able to interpose a motion to correct the schedule of debts and that he had no knowledge of the intent of the defendants to violate the contract until he attempted to harvest the first cutting of alfalfa on the first tract; that the estate was closed before any notice was given to plaintiff that the defendants did not intend to carry out the contract; that subsequent to the death of Miars the defendant Hur-

ley became a tenant upon the real estate, including both of the 5½ acre tracts that he offered to carry out his contract as to the second tract but was prevented.

It is alleged that at the proper time in the year 1938, he sought to harvest the first cutting of alfalfa on the 5½ acre tract in accordance with his contract but that with the intent to defraud him, the defendants prevented him from cutting the 1938 alfalfa.

Plaintiff says by reason of the wrongful and fraudulent acts he has been damaged in the sum of $300.00.

It is rather uncertain whether the plaintiff brings his action based upon the verbal contract between himself and Miars or on account of the fraud alleged to have been practiced by the defendants. He does not seek to recover on quantum meruit for the value of the labor performed and the seed sown.

Cora B. Miars, the widow, and Margaret Anderson, the daughter and administratrix, answer to the effect that Fremont Miars died intestate on the 7th day of October, 1937; that due administration was had upon his estate and that no claim was ever presented by the plaintiff to the administrator within the time allowed by law for presentation of claims; that said estate has been fully settled and that the real estate has been transferred to the widow and the daughter.

As a further defense, it is stated they had no knowledge of any agreement entered into between the decedent and the plaintiff and therefore deny allegations of the petition and further deny that the plaintiff had any agreement in writing or any memorandum thereof with reference to the contract claimed in the petition.

For a second defense they allege that on the ____ day of November, 1937, the defendants as heirs at law of Fremont Miars leased to Ralph Hurley the farm of the decedent, including the two tracts and that Ralph Hurley is in possession.

It is further asserted that the claims set up in the petition were fully liti-

gated in the case of Cora Miars, et v Arthur Davison and a final judgment rendered therein against Arthur Davison and in favor of the defendants and that all matters were before the court.

Ralph Hurley answers that he is the tenant under a lease given by the widow and the daughter.

The plaintiff replies to the answer of Cora B. Miars and Margaret Anderson denying that the matters were litigated as claimed or were before the court at that time and denies all other allegations.

On March 20, 1939, the cause came on to be heard before a jury and after hearing the evidence adduced by the plaintiff, the court, on motion of defendants, directed the jury to return a verdict in favor of the defendants, which was done. A motion for new trial was then interposed and overruled and notice of appeal given.

An assignment of errors is to the effect that the court erred in refusing certain evidence offered on behalf of plaintiff; in sustaining the motion to direct a verdict, and for other errors.

While the case does not involve a large sum it seems to bristle with interesting questions.

The motion for a directed verdict was based on three grounds (1) That there is no evidence of the contract alleged in the petition, (2) That the contract was within the statute of frauds because not to be performed wthin one year and being oral is not enforcible, (3) That this action is res judicata.

The court in passing upon this motion stated that the plaintiff failed to file his claim against the administratrix within the time allowed by law and in answer to the claim of counsel for plaintiff that he was prevented from filing through fraud, the court points out that an application could have been filed to reinstate the claim even though the period had passed for filing claims. The court sustained the motion on the ground that no evidence had been offered to establish the allegations of the petition. The court held that the contract came within the statute of frauds and further that the matters were res

judicata. The court points out that the proof of claim fails for the reason that the plaintiff could not testify under the provisions of the statute, the opposite parties being the widow, the administrator and next of kin of the decedent.

The questions raised invite our attention to certain sections of the statute which we examine to determine whether or not the court correctly interpreted the same.

Sec. 8620 GC provides that no interest in a freehold shall be granted except by deed or note in writing, etc.

It is claimed by defendants that the contract sought to be proved falls within the provisions of this section and the same not having been in writing that no recovery may be had by virtue thereof. We need go no further back than the case of **La Bounty v Brumback, 126 Oh St 96**, to determine this matter. It is there held that a plea of partial performance of a contract in an action at law on such contract, if established by the evidence is just as effectual to take the contract out of the statute of frauds today as it was in 1824 when the rule was first announced. There is an interesting discussion of this matter by Stephenson, J. delivering the opinion of the court.

It is alleged in the petition that this plaintiff performed his part of the contract by preparing a seed bed and plainting the seed on the first 5½ acre tract. If this fact be established by competent evidence it ▆▆▆▆▆ ▆ would present a partial performance of the contract and take it out of the provisions of §8620 GC. However, it will be observed that the rule is based upon the conditions that the partial performance must be "established by the evidence". If, in this action, there is no competent evidence by which the plaintiff has endeavored to show partial performance, then the partial performance can not be a defense to the statute. This we will determine later.

Sec. 8621 GC provides that no action shall be brought upon an agreement that is not to be performed within one

year from the making thereof, unless the agreement upon which such action is brought or some note or memoranda is in writing signed by the party to be charged. There is no agreement in writing in this case and if the contract was still executory and not in part executed, this statute would control.

**Towsley v Moore, 30 Oh St 184** holds,

"Although an action cannot be maintained upon a verbal contract not to be performed within one year, yet when such contract has been fully performed by one party, the other having obtained its benefits, he cannot refuse to pay the reasonable value thereof."

This is a very interesting case and raises the question whether, even though the plaintiff may have performed his part of the contract, he has a right of action based upon the contract if the same was not to be performed within one year. Wright, J. delivering the opinion of the court quotes with approval the authority to the effect that one who has rendered services in the execution of a verbal contract, which on account of the statute can not be enforced aainst the other party, can recover the value of the services upon a **quantum meruit.** He quotes Parsons on Contracts to the effect,

"But whether a recovery can be **had** on the original contract, or only on a quantum meruit, is not entirely clear upon the authorities. Upon principle, however, we should say that a recovery in such case can only be had upon a quantum meruit."

If the plaintiff had presented to the administrator a claim for the amount due to him for the work performed and the value of his seed, he could probably have recovered the amount so due, but apparently he did not seek that course. He still asserts his claim under his verbal contract and we are of the opinion that when he does this he falls within the inhibition of §8621

GC. As to effect of part performance see cases cited under paragraph 10 of citations under §8620.

The next sections to which our attention is attracted are §§10509-112-113-114 **and 133.** The first of these provides that creditors shall present their claims to the administrator within four months after the date of his appointment. The petition is silent as to any presentation of a claim or its rejection or of the bringing of a suit within two months after the receipt of the notice of rejection. In lieu of this the plaintiff sets up what he claims to be a fraud upon the part of the administratrix and her mother by which he was prevented from presenting the claim within the limit of the statute. Had this been the case the plaintiff would have been protected by the provisions of §10509-134 GC, which provides that upon petition filed by a creditor whose claim has not been presented within the time prescribed by law, the court, if it is of the opinion that justice and equity so requires and that the petitioner has not been chargeable with culpable neglect in failing to present his claim, may permit the petitioner to file his claim for allowance.

We arrive at the conclusion that inasmuch as the action is one based upon a contract alleged to have been entered into between the plaintiff and the decedent, that it is necessary for the plaintiff to have presented the claim to the administrator for allowance or rejection within a period of four months after her appointment. This was not done, and therefore, it must follow that the plaintiff has no right of action against the administrator for the reason of his failure to present his claim as required by the statute.

The next section requiring our examination is §11495 **GC,** which provides that a party shall not testify when the adverse party is * * * an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased prson.

The purpose of this statute has been so frequently commented upon that we

refrain from discussion of that matter. However, it is claimed by plaintiff that inasmuch as Hurley was a defendant and that he did not defend as an heir, etc., of a deceased person that he was not within any of the protected classifications and that the plaintiff's evidence should have been received as against Hurley. It was not so offered but was offered generally as a testimony against all parties in the case. Counsel complains that the court should not exclude proper evidence against Hurley because the other parties were protected and that this would work an injustice. If, however, one could avoid the protection of the staute by simply bringing the action against one outside the protected group, but jointly sued with the members of that group, this would afford an easy ▆▆▆ escape from the provisions of the statute. The statute is positive and says that a party shall not testify when the adverse parties are within the designated groups. There are, however, numerous exceptions to the rule and if a party falls within any of these exceptions then, of course, he is entitled to their protection.

Paragraph 3 provides, "If a party or one having a direct interest, testifies to transactions with another party the latter may testify as to the same transactions or conversations."

Paragraph 4 provides, "If a party offers evidence of conversations or admissions of the opposite party; the latter may testify concerning the same conversations or admissions."

It is claimed by counsel for plaintiff that inasmuch as the administrator and her mother each testified in case No. 21718, pending in the Court of Common Pleas, where all three of the defendants in the instant case were plaintiffs, seeking an injunction against the plaintiff in this case, restraining him from entering upon the tract in question and further restraining him from cutting the hay thereon, that they thereby come within the provisions of exceptions 3 and 4 to §11495 GC.

We do not so understand these exceptions. The fact that they may have testified in a different case ▆▆▆ does not open the door to permit the plaintiff to escape the provisions of §11495 GC. The exceptions relate to testimony given by the parties in the case then on trial and neither the administrator nor her mother having testified, the plaintiff was forbidden by the section to testify.

The claim is made by the defendants in this case that the matter in controversy has already been determined in the other case, No. 21718, in which the same persons who are parties in this case were parties and that the controversy related to the same matter here at issue.

We have examined the pleadings and evidence and conclude that the same questions were there adjudicated and that the plaintiff in this case should there have set up his cause of action and having failed to do so cannot now proceed in a new cause of action. The plaintiff claims that the fact that a motion for new trial was filed in that case, which is still pending and undisposed of, is res judicata, can not be successfully asserted. We do not understand that such a motion would prevent the operation of the rule.

We have examined the evidence offered in this case and conclude that when the court below ▆▆▆ properly rejected the testimony of the plaintiff, that there remained no evidence upon which a judgment might be based. It is claimed by plaintiff that enough evidence was introduced by witnesses qualified to testify, to require that the case be submitted to a jury on the ground that reasonable minds might come to different conclusions. This would probably be true if the plaintiff had brought an action to recover the amount due to him by virtue of his expenditure of work and material in planting the 5½ acres, but as before stated, the plaintiff did not do this. He

seeks to base his action upon the contract. The contract being entirely an oral contract between himself and Mr. Miars, who is now dead, to which there were no witnesses, no testimony could be marshalled to establish the fact that there was such a contract or its terms.

We therefore arrive at the conclusion that there was no error in directing a verdict.

HORNBECK, PJ., concurs and BARNES, J., concurs in judgment.