## THE OHIO COURT OF APPEALS AND COMMON PLEAS

### No. 329
### PROSSER v. KRUGER
Ohio Court of Appeals, Lorain County
No. 227. Feb. 16, 1923

EQUITY—(1) Forfeiture not favored in equity—(2) Lenience of lessor before his death showed lack of intention to enforce contract strictly.

#### Epitomized Opinion

Appeal from the Lorain Court of Common Pleas.
This opinion has not been published except in Abstract.
WASHBURN, J.

George Prosser had a son, the plaintiff in this action, and two daughters, defendants in the action. Prosser Sr. leased a certain farm to Prosser Jr., the latter to pay $500 annually and perform certain other obligations. Prosser Jr. failed to make the payments as stipulated but the father never threatened forfeiture. Prosser Sr. died and by his will his interest in the farm was transferred to his daughters. Prosser Jr. then sought to pay up the back rent but the parties were unable to agree as to the exact amount, and the daughters declared the lease forfeited. Prosser brings action to restrain the Krugers from declaring a forfeiture, he offering to pay the arrearages. Held by the court of appeals in enjoining Kruger from declaring forfeiture:

1. It is well settled that forfeiture are not favored, and that equity will relieve against forfeiture of a lease for non-payment of rent where the party in default is ready, able and willing to pay the arrearage.

2. The lenience of the lessor before his death indicates that he had no intention of declaring a forfeiture.

Attorneys—Stroup & Rice, for Prosser; F. A. Stetson and H. V. Ingersoll, for Kruger.

### No. 330
### GRAY LUMBER CO. v. DAVIS
Ohio Court of Appeals, Lorain County
No. 215. Feb. 16, 1923

SALES—(1) Notice of breach of warranty must be given within reasonable time—Question for jury—(2) Verdict against weight of evidence.
This opinion has not been published except in Abstract.
PER CURIAM.

#### Epitomized Opinion

This was an action for breach of warranty. Davis purchased certain goods of defendant company by description. After the goods were received by the buyer, substantial payments were made upon the bill by buyer without making any complaint as to their quality. Four months after their receipt the buyer notified the seller that the goods were of inferior quality and that he did not intend to keep them. The jury found for the plaintiff buyer, i. e., that notice of rejection was given within a reasonable length of time. The court of appeals in reversing this judgment held:

1. The question of whether or not the buyer has, within a reasonable time, given to the seller such notice of breach of warranty is a question for the jury to determine unless the facts and all reasonable inferences are such that the court can say that reasonable minds should not differ.

2. The finding of the jury that notice was given within a reasonable length of time was manifestly against the weight of the evidence.

Attorneys—H. W. Ingersoll and F. A. Stetson, for plaintiff in error; R. F. Vendermark, for defendant in error.

### No. 331
### ANDERSON v. HOLUB
Ohio Court of Appeals, Summit County
No. 594. Jan. 5, 1923

LIENS—(1) Plaintiff not entitled to lien on real estate under the evidence.

PER CURIAM.

#### Epitomized Opinion

The court here held that the plaintiff Anderson was not entitled to a lien upon the real estate belonging to defendant, but as the court was divided as to the reasons for so holding, no regular opinion was written.

Attorneys—Underwood & Hutchison, for plaintiff; Sieber, Sieber & Amer, all of Akron, for defendant.

## COMMON PLEAS COURTS

### No. 332
### DOUGLAS v. TRUMP
Court of Common Pleas, Montgomery County
No. 51163. Jan. 19, 1923
For Full Opinion see Dayton Daily Legal News, Feb. 3

NEGLIGENCE—(1) Automobile not a dangerous instrument unless in hands of a reckless persons—(2) Liability arises from agency relation not parenthood—(3) Intervening negligence does not break casual relation between prior negligence and injury.
McCRAY, J.:

#### Epitomized Opinion

Martha Trump was proved to have negligently allowed her son, Robert, to drive her automobile on the streets of Dayton, although she knew that said Robert was in the habit of driving carelessly and recklessly, and had been involved in several accidents. On this occasion said Robert negligently ran into and injured Douglas.

Trump claims that since the negligence of her son intervened between her own negligence in allowing him to drive, and injury complained of, her negligence was not the proximate cause of the accident. Held by common pleas court:

1. An automobile is not a dangerous instrument unless it is in the hands of a reckless person.

2. The liability of a mother for the acts of her son arises from the relation of principal and agent and not from the relation of mother and son.

3. The intervening negligence of the careless driver of an automobile is not such an intervening cause as will break the casual relation between the negligence of the owner of the machine in allowing such reckless person to drive the machine, and the injury.

Attorneys—A. Earwood, for Douglas; Matter, Brumbaugh & Mattern, for Trump.