App.]                    Parsons v. Weinstein.

PARSONS v. WEINSTEIN, TRUSTEE, ET AL.

*Landlord and tenant—Lessees in possession under defective
and unrecorded leases—Entitled to possession against
interests acquired without notice of occupancy.*

In equity, a lessee of real estate in actual possession thereof,
under a defectively executed lease for a term of three
years, with the privilege of five years additional, and a
lessee in actual possession of real estate under a properly
executed but unrecorded lease for a term of three years,
with the privilege of seven years additional, are entitled
to hold possession of said real estate for the full terms
of the leases against all who acquire an interest therein,
although the latter did not have actual notice of the
occupancy of such lessees.

(Decided June 24, 1924.)

APPEAL: Court of Appeals for Lorain county.

*Mr. F. A. Stetson,* for plaintiff.
*Mr. F. M. Stevens,* for defendants.

PARDEE, J. In the year 1912, Nicholas Rock, the
owner of a business block in the city of Elyria,
gave a mortgage upon the same to secure a note
for $12,000, which mortgage was duly executed,
filed, and recorded, as provided by law, the note
and the mortgage now being held by the Elyria
Savings & Trust Company of that city.

On September 30, 1920, Nicholas Rock deeded
the real estate to one Lena Weinstein, who assumed
the mortgage hereinbefore referred to and on that
date executed another mortgage to said bank for

Landlord and Tenant, 35 C. J. §§ 414, 423; Mortgages, 27
Cyc. p. 1189.

$7000, and also executed a third mortgage to Nicholas Rock, securing a note for $13,700. Later Nicholas Rock sold his note and mortgage to one Hoffmaster, who, in turn, on May 29, 1922, transferred and assigned the same to the plaintiff, Henry W. Parsons.

While Nicholas Rock was the owner of the property he executed a lease upon one of the storerooms therein, which lease is now owned by Josephine Shelly. The lease was executed on February 13, 1920, for a term of three years from the first day of January, 1920, with the privilege of five years additional upon the same terms and conditions. This lease had but one witness, and the evidence shows that it was not acknowledged, although the name of a notary appeared thereon, and it was filed for record on October 15, 1920, and recorded.

On the 23d day of November, 1916, the said Nicholas Rock entered into a lease for the other storeroom in said building with the defendant John Wellert, for a term of three years, beginning on the first day of December, 1916, with the privilege of an additional seven years upon the same terms and conditions. This lease to Wellert was properly signed, witnessed and acknowledged, but was not filed for record.

Both of said lessees went into the actual possession of the storerooms so leased to them, and were in such possession at the time the mortgage was executed and delivered, which is now owned by plaintiff, and were in such possession at the time the suit was filed in the Court of Common Pleas by the plaintiff for the foreclosure of the mortgage.

In the Court of Common Pleas, by agreement of

all the parties interested in the suit, the property was sold, and the rights and claims of the parties were transferred to the fund arising from such sale. There being enough money to satisfy the first and second mortgages, owned by the bank, and the claims, if any, of the lessees, the first and second mortgages have been paid, and the dispute arises now as to what rights, if any, the lessees have in the fund, and whether those rights are prior to the rights of plaintiff under his said mortgage.

The plaintiff claims that because the lease of Josephine Shelly was defectively executed, and the lease of John Wellert not recorded, the lessees do not have any rights superior to the rights of plaintiff.

It must be remembered that both of said lessees were in possession of said property at the time the mortgage of plaintiff was executed, and at the time he purchased the same, and that both of said lessees were paying rent as provided in their leases.

The plaintiff cites and relies principally upon the cases of *Richardson* v. *Bates,* 8 Ohio St., 257, and *B. & O. Rd. Co.* v. *West,* 57 Ohio St., 161.

The case of *Richardson* v. *Bates,* was an action *at law* to recover rent from a lessee *not in possession* under a lease upon an indenture for five years, which was not attested or acknowledged by the lessor, and the court held in that case that the answer, setting up such defects, stated a complete defense. And the court says in its opinion on page 264:

"The record shows that the plaintiff, by his petition, predicated his right to recover solely upon the indenture set forth in his petition. He

did not aver a part performance, and ask to have the instrument reformed and then enforced. Nor does the petition state a delivery of possession by the plaintiff, or an occupancy by the defendants; but the right of action is placed solely upon the obligations imposed upon defendants by the instrument set forth."

The court, therefore, held in that case that the lease, not being executed as required by the laws then in force, the plaintiff could not recover, as there had not been an occupancy by the lessee.

In the case of *B. & O. Rd. Co.* v. *West, supra,* the lessee entered upon the property, under a lease for a term of five years, the rent to be payable monthly. The lease was not acknowledged by the parties, nor recorded, but the lessee paid the rent for the full term of the lease, was in possession at the expiration of the term, and remained in possession of the property after expiration of the term, to-wit, from the 29th day of March, 1892, until the first day of September, 1892, at which time the lessee abandoned the premises and refused to pay any more rent for the same. The lessor then sued for rent for the remainder of the year, or until the 29th day of March, 1893, and recovered a judgment for the amount of the same, which was affirmed. This case likewise was an *action at law* for the recovery of rent, and it is true that the court holds:

"An entry under a lease for a term of years at an annual rent, void for any cause, and payment of rent under it, creates a tenancy from year to year upon the terms of the lease, except as to its duration."

This decision upon this point was not necessary; it was not an issue in the case.

The case we have to decide is *not one at law,* but a suit *in equity,* and we think can be decided upon principle and authority.

In the case of *McKinzie* v. *Perrill,* found in 15 Ohio St., 162, the court holds in the first paragraph of its syllabus:

"A purchaser of land in the actual possession of a third party, is chargeable with notice of any equitable title of the party in possession, whatever the same may prove to be."

On page 168, the court, in its opinion, says:

"And, in respect to the matter of notice, it may here be remarked, once for all, that at the time Samuel Turner undertook to convey to his son, and he to the defendant Perrill, the plaintiff was in the actual possession of the entire tract, and both Perrill and the Turners, therefore, were conclusively chargeable with notice of the plaintiff's equitable title, whatever that might prove to be."

And, in a later case, the Supreme Court followed the rule announced in *McKinzie* v. *Perrill,* in which later case, *Ranney* v. *Hardy,* 43 Ohio St., 157, the court in the first paragraph of its syllabus says:

"1. A. loaned to B. a sum of money, receiving B.'s promissory note and a mortgage on real estate to secure the same; but when A. accepted the note and mortgage, C. was in actual possession of the premises, and resided thereon with his family. *Held,* that A. was chargeable with notice of C.'s rights and interest in the premises; and A. having assigned the note and mortgage, his assignee occupied the same situation; nor will the fact that A. and his assignee did not know that C. was in possession, make any difference."

See also *Schloss* v. *Brown,* 13 Ohio App., 294.

These cases, therefore, conclusively establish that *in equity* the lessee in actual possession under the defectively executed lease, and the one in possession under the properly executed but not recorded lease, are entitled to hold possession of the property for the full period of their leases as against the plaintiff, and this is so whether or not the plaintiff had actual notice of the occupancy of the premises at the time he purchased the mortgage, or whether or not his predecessor in title had actual notice of said occupation of said property.

Both of these leases contain the written evidence of the intention of the parties to make leases for terms more than three years. Equity treating this intention as fully performed will hold the original lessor to the additional terms, and the plaintiff having dealt with the property in actual possession of the lessees will be bound by the equitable interest of said lessees.

We are therefore unanimously of the opinion that both of the lessees were entitled to use and occupy said storerooms as against the plaintiff, or have the value of the remainder of their terms ascertained and the amount thereof deducted from the fund remaining from the sale.

All the pleadings in the lower court and a transcript of the evidence have not been furnished us, so we are not in a position to say whether the plaintiff is entitled to be subrogated to the rights of the lessees under their clause for quiet enjoyment against their lessors.

*Decree accordingly.*

FUNK, P. J., and WASHBURN, J., concur.