KEMP, APPELLEE, *v.* FELDMAN, APPELLANT.

(No. 1970—Decided July 28, 1948.)

*Mr. Mason Douglass,* for appellee.

*Mr. Harold H. Singer* and *Mr. Joseph W. Sharts,* for appellant.

By the Court. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Montgomery county, which granted a permanent injunction to the plaintiff.

The plaintiff alleges that he is the lessee of a tract of land leased from the estate of Louise Kennedy and consisting of approximately 16 acres; that the lease provides for the exclusive occupancy of such acreage by the plaintiff; and that the plaintiff continuously used the acreage, planting approximately 15 acres in corn and using part of the acreage as a public dump. Plaintiff claims that his lease covered the period from March 1, 1947, to March 1, 1948. Plaintiff alleges further that the defendant purchased from the Kennedy estate six acres of the tract leased by the plaintiff; that the defendant has assumed control of such acreage including the public dump; and that the defendant has trespassed upon the property subject to the control and possession of the plaintiff and has otherwise interfered with the plaintiff's use and enjoyment thereof. Plaintiff prays for a mandatory injunction against the defendant.

The defendant in his answer denies that the plaintiff has a lease of the property from year to year and alleges that the plaintiff was only given permission to use the land in question during the corn growing season; that the corn growing season ends about November 15, 1947; and that the plaintiff was not given the exclusive occupancy of the tract, the right to use the same throughout the year, or the right to establish a public dump on the premises. Defendant alleges further that he purchased from the Kennedy estate six acres of the tract, on August 13, 1947; that he had no notice of any lease of the plaintiff; that the plaintiff had no authority to operate a public dump on the premises; and that, in operating the dump, the plaintiff forfeited his right to occupy the land.

The trial court rendered separate findings of fact and law. Upon the evidence introduced, the trial court found that the land in question had been rented by the plaintiff for several years prior to the purchase of the six acres by the defendant in August 1947; that the land was rented for farming purposes; and that the plaintiff had farmed the six acres in question for several years, planting thereon corn and other crops in the proper season. The court found that the plaintiff rented the land by the year, from March 1st to March 1st, and that he paid the Kennedy estate the sum of $65 for rent for the period from March 1947 to March 1948. The court further found that, at the time of the purchase of the six acres by the defendant, the plaintiff had growing crops on the acreage, including corn which then and at the time of the hearing was still standing and not ready for cutting or shocking; that the corn crop was on the premises with the knowledge and consent of the Kennedy estate; that the plaintiff had the right by virtue of the rental agreement to the exclusive use and occupancy of the premises for farming purposes; and that the owner had recognized the plaintiff's yearly tenancy and permitted crops to grow and remain thereon during the year.

The trial court found further that the defendant purchased the six acres from the Kennedy estate; that in August 1947 he immediately entered the premises and ordered the plaintiff to surrender the same, allowing the plaintiff the right and privilege to remove the corn crop; that the defendant took possession of part of the acreage, consisting of the area used for a dump, and used the road, located on the acreage rented by the plaintiff, for ingress and egress to the dump; that the defendant thereafter proceeded to operate the dump in the same manner as it had been

operated by the plaintiff; and that the Kennedy estate gave no notice to the plaintiff at any time to discontinue the operation of the dump and never claimed a forfeiture of the rental agreement by reason of the operation of the dump by the plaintiff.

The court found further that the rental agreement entered into between the plaintiff and the Kennedy estate gave him the right to remain on the land and to use the same during the year from March 1947 to March 1948; that the plaintiff was in possession at the time the defendant purchased the six-acre tract; that the possession of the plaintiff was known to the defendant at the time he made the purchase; and that the rental agreement between plaintiff and the Kennedy estate was verbal but was attended by the taking of possession and the payment of the rent.

After a careful consideration of all the evidence in this case, which was submitted to this court on the record taken in the trial court, this court arrives at the same conclusion on the facts as did the trial court. The evidence amply supported the findings of the trial court, which this court approves and adopts as its own.

We make these additional observations:

The evidence showed that in this farming area there is a custom that the tenant who rents land in the month of March for farming purposes is given the use and occupancy and enjoyment thereof to March of the following year; that the plaintiff's possession was open, notorious, unequivocal and exclusive; and that the defendant at the time he purchased the six-acre tract was informed by the Kennedy estate that the plaintiff was in possession under a rental agreement.

Where a tenant is in open, notorious, unequivocal and exclusive possession of real property, under an apparent claim of interest, notice of certain things is

given, according to the universal rule, to those who deal with the property. The purchaser of land which is in the actual possession of a third party is chargeable with notice of any equitable right of the party in possession. 24 Ohio Jurisprudence, 747, Section 13. See, also, *Dunkel* v. *Hedges,* 15 Ohio App., 259.

In the instant case, the facts are that the rental agreement was verbal, and that the plaintiff in March 1947 paid $65 as rent for the premises by check, which was presented in evidence, and immediately took possession of the premises in pursuance of the rental agreement. The taking of possession of property by the tenant under an oral lease is sufficient part performance to take the contract out of the operation of the statute of frauds. 19 Ohio Jurisprudence, 620, Section 98; 24 Ohio Jurisprudence, 793, 797, Sections 56, 58; *La Bounty* v. *Brumback,* 126 Ohio St., 96, 184 N. E., 5; *Bumiller* v. *Walker,* 95 Ohio St., 344, 348, 116 N. E., 797, L. R. A. 1918B, 96; *Davison* v. *Miars,* 31 Ohio Law Abs., 507.

Although the evidence did not specifically show that the Kennedy estate authorized the plaintiff to operate a public dump on the premises, nevertheless, the plaintiff did operate the dump openly and notoriously for a number of years. At no time did the owner object to the operation of the dump, serve notice on the plaintiff to discontinue such operation or claim a forfeiture of the tenancy by reason of the operation of the dump. Neither the lessor nor the defendant is in a position to claim that the plaintiff forfeited his tenancy by reason of the operation of the dump. Furthermore, the evidence in this case showed that the defendant, immediately after purchasing the six-acre tract, proceeded to take control of and operated the dump in the same manner as it had been operated by the plaintiff.

Although there were additional issues raised by the pleadings, which were later abandoned, and much evidence was presented on the question whether the dump constituted a nuisance and should have been abated, nevertheless, the right of the plaintiff to a permanent injunction restraining the defendant from disturbing the plaintiff's use and occupancy and quiet enjoyment of the premises in question hinged upon the legal rights which accrued to him under the rental agreement. His tenancy was still in effect at the time the defendant purchased the six-acre tract and at the time of the hearing.

The evidence showed that the defendant entered upon the premises and intended to develop and use the premises immediately in a manner which would have deprived the plaintiff of his rights under his tenancy. Plaintiff, therefore, is entitled to a permanent injunction as prayed for.

*Decree for plaintiff.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.