**PEPPE et, Plaintiffs-Appellants, v. KNOEPP, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5396. Decided March 7, 1956.

John C. Wheatley, Jr., Columbus, for plaintiffs-appellants.

Porter, Stanley, Treffinger & Platt, Bruce G. Lynn, of Counsel, Columbus, for defendant-appellee.

(CONN, J., of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

At times in this Court, a case after submission is assigned to a member for opinion before the full Court has agreed on the judgment. In that situation, final consideration is deferred until the opinion is prepared and the Court may consider it along with the evidence and the briefs. That was the procedure followed on this appeal and explains why the minority opinion sets forth the operative facts and discusses the specific assignments of error and cases cited by counsel.

We adopt the statement of facts and are in accord with the minority opinion, in the main, but differ as to the judgment which should be entered here, which we find should be an affirmance. The minority opinion does not pass upon the legal issues urged and briefed in this Court, but concludes that inasmuch as no equitable defense was pleaded in the trial court, it erred in entering judgment for the defendant.

We are of opinion that the equitable defense upon which the defendant relied was by common consent, in the trial court, stipulated, presented and argued and that the trial judge properly decided it upon the theory that the defendant was asserting such defense. The defendant, by the authority of §2309.58 R. C. should now be permitted, in the interest of justice, to file an answer setting up his equitable defense in accord with the proof. This would be, in effect, an amendment to the answer of a general denial which is made pro forma in the Municipal Court in forcible detainer actions where a defense is interposed.

The trial judge upon his findings of fact held that in equity forfeiture of the lease upon which the plaintiff relied should not be decreed because based upon the breach of the contract to pay rent which was but security for the performance of that obligation which had been tendered.

Appellant contends here, as in the trial court, that the other several clauses in the contract supporting their rights to forfeiture were broader than, and independent of, that one relating exclusively to default in the amount and time of rental payments.

We are of opinion that, notwithstanding the multi-phrased provisions for forfeiture in the lease, the central and dominant intent and purpose was to assure the payments by lessee of the rents in the amounts and at the time provided therein. The Court did not err in so holding and in applying the well-recognized principle that "equity abhors a forfeiture and will only decree it when such relief is clearly required," and that breach of conditions as to payment of rent alone does not necessarily require such action.

Without detailing the facts, it is clear that the equities in this case are with the defendant. Conceded that there was a breach of the condition respecting the payment of the rent, it was not because of any fault of the defendant but of his lessor through whom the plaintiff throughout the years had received the rent.

Because of our view that the judgment may be affirmed upon the issues drawn and decided in the trial court, we refrain from projecting and discussing in this opinion other issues that might upon the factual developments have been raised.

We find no prejudicial error in this record. The judgment will be affirmed.

MILLER, PJ, concurs.

## DISSENTING OPINION
By CONN, J.

This is an appeal on questions of law from the judgment rendered by the Municipal Court for the defendant in a forcible detainer action brought by plaintiffs against him.

Plaintiffs allege in their petition that ever since the 15th day of January, 1955, the defendant, Harold G. Knoepp, has forcibly detained from plaintiffs certain real estate situated in the City of Columbus, more particularly described in said petition.

Plaintiffs further allege that defendant entered upon said premises as a tenant of plaintiffs under a lease providing for a forfeiture of said premises in event of nonpayment of a monthly rental, in addition to the basic rental, and that said additional rental has not been paid since January 15, 1955.

Plaintiffs further alleged that on June 17, 1955, plaintiffs duly served defendant a notice in writing to leave said premises within three days after service of same. Plaintiffs pray for restitution and costs.

Pursuant to Rule 18 of the Municipal Court of the City of Columbus, no further pleading is required in forcible detainer actions. Under this rule, the cause of action set up in plaintiffs' petition is considered denied as an entirety. In other words, the general issue in this case is **non detinet,** which denies plaintiffs' right of possession in the property and its wrongful detention, and which excludes further legal defenses raised by special plea.

Plaintiffs assign as error that the judgment of the trial court is prejudicially erroneous and contrary to law, and that the Court also erred in overruling plaintiffs' motion for a new trial.

The material facts are not in dispute and are brought into the record by stipulation of the parties and, briefly stated, are as follows:

The premises alleged to be unlawfully detained by defendant consist of three lots in S. Bartlett's Addition to Columbus which, on March 30, 1938, were leased by one, Florence R. Hildreth, plaintiffs' predecessor in title by written lease, for a period of 20 years to P. H. Butler Company, a Pennsylvania corporation, said lease being identified as Plaintiffs' Exhibit 1.

That plaintiffs are the successors in title to said lessor and assignees of said lease; that defendant is in possession of said premises as a sublessee of Thorofare Markets, Inc., the successor, by change of name, of the original lessee, P. H. Butler Company, pursuant to written documents and introduced in evidence as Defendant's Exhibits A and B; and that plaintiffs and defendant are each entitled to the benefits and are bound by the terms of said original lease.

It was further stipulated that the basic rental under the terms of the lease is $500.00 per month; that the lessee shall submit to lessor on

or before the 15th day of each calendar month a statement of the gross sales for the preceding month and when gross sales shall exceed $40,000.00 for any month, then an additional rental of 1-¼ per cent shall be paid on the excess over $40,000.00 on or before the 15th day of the succeeding month; that defendant paid the monthly rental to Thorofare Markets, Inc. and said company, on behalf of defendant, forwarded same from time to time to plaintiffs.

That the gross sales for December, 1954, and for March, 1955, each exceeded $40,000.00, to the extent, respectively, of $50.39 and $76.79, as additional rent; that said sums were forwarded to Thorofare Markets, Inc., who neglected to add said amounts to the basic monthly rental or submit monthly statements when making remittance of the basic rents for said two months; and that said unpaid rentals were tendered to plaintiffs after they had served notice on defendant to leave said premises.

The cause was submitted to the trial court on the petition of plaintiffs, opening statements of counsel and stipulations, exhibits, briefs, and motions for judgment made by the parties respectively. Upon consideration, the Court found for the defendant and entered judgment. The Court also made separate findings of fact, based on stipulations of counsel, somewhat abridged, and also separate conclusions of law, as follows: "Equity will grant relief against forfeiture for nonpayment of rent."

Plaintiffs base their claim for right of possession and unlawful detention on the breach of certain covenants of the lease, which are binding on the defendant under the terms of the sublease, having reference particularly to the breach of the following provisions of the lease:

"* * * Lessee expressly waives the service of any notice of intention to terminate this lease or to retake said premises and waives service of any demand for payment of rent or any other payment or for possession, or of any and every other notice or demand prescribed by any law of the State of Ohio, and agrees that the simple breach of any of the covenants herein shall of itself constitute a wrongful detainer of said premises by leases within the meaning of the statutes of the State of Ohio governing forcible entry and detainer."

"**Forfeiture upon Breach by Lessee.** That if the rent hereinbefore provided to be paid, or any part thereof, shall at any time be in arrears and unpaid, and without any demand being made therefor, if lessee shall fail to keep and perform any of the covenants, agreements, provisions, terms or conditions of this lease on the part of lessee to be kept and performed * * * then, and in any such event, it shall be lawful for lessor to enter into said premises, and again have, repossess and enjoy the same as if this lease had not been made, and thereupon this lease and everything herein contained upon the part of lessor to be done and performed shall cease, determine and be utterly void; without prejudice, however, to the right of lessor to recover from lessee all rent due up to the time of such entry."

"**Payments, et cetera, After Termination.** That no payment of money by lessee to lessor after the termination of this lease in any manner, or after the giving of any notice by the lessor to the lessee, shall reinstate,

continue or extend the terms of this lease or affect any notice given to lessee prior to the payment of such money, * * *."

The stipulated facts disclose that plaintiffs did not receive payment of the additional rentals for the months of December, 1954 and March, 1955, nor statements of the gross sales for said months and that defendant made default in not observing the provisions of the lease.

Moreover, the lease expressly provided that defendant agrees the simple breach of any of the covenants of the lease of itself constituted a wrongful detainer of said premises by defendant within the meaning of the statutes of the State of Ohio, governing forcible entry and detainer, and that if the rent or any part of it be in arrears and unpaid, or the defendant fail to keep any of the covenants of the lease, then it shall be lawful for plaintiffs to enter said premises and repossess them.

The undisputed facts established on the trial sustained the allegations of plaintiffs' petition that defendant has made default and pursuant to the terms and provisions of the lease, plaintiffs were entitled to possession of the leased premises.

As pointed out above, the rules of the trial court did not require the defendant to file an answer in this form of action. However, where the defendant has an affirmative defense, including confession and avoidance, it appears that, under our procedure, defendant should have pleaded such defense, and prayed for the relief sought, in order to invoke the well-established maxim that equity abhors a forfeiture.

Pursuant to §1901.18 R. C., subsection C, the Municipal Court has jurisdiction to grant relief:

"In any action at law based on contract to determine, preserve, and enforce all rights, legal and equitable, involved therein. * * *"

In the exercise of equitable jurisdiction conferred by statute, the Court adjudges such issues as are raised on the pleadings and the evidence. In the instant case, the equitable jurisdiction of the Court was not invoked.

The judgment entry, following the submission of the case, was equivalent to a finding that defendant was not guilty, the entry reading in part "judgment for defendant for costs."

Defendant contends that the law of Ohio is clear that equity will relieve against forfeiture of a lease for nonpayment of rent. We agree with this contention. Defendant cites several cases which we have examined, and it appears that in each of these cases this well-known rule was given recognition where the pleadings and proof have invoked the exercise of equitable jurisdiction.

The principal case relied on is **Tabor v. Bellman, 13 Oh Ap 382** (Lucas County). This was an injunction proceeding brought in the Common Pleas Court to restrain the issuance and service of a writ of restitution in a forcible detainer case on a judgment rendered in the Municipal Court. It was held that equity will relieve against forfeiture of a lease for nonpayment of rent when equity will be subserved thereby.

The defendant has also cited **Nagy v. Vargo, 7 Abs 457** (C. A. Lorain County), and **DiBaw v. Cohn & Carney** (C. A. Mahoning County). In each of these cases the Municipal Court had granted restitution. The

Court of Appeals had for review the record of proceedings in original actions brought in the Court of Common Pleas to restrain the issuance of writs of restitution and to set aside the judgments of forfeiture of leases. Also, **Gould v. Hyatt, 4 Abs 468** (C. A. Lucas County). This action was brought in the Common Pleas Court to enjoin the lessor from declaring a forfeiture of a certain lease. It was held that where equities of the parties can be otherwise adjudicated, a lease will not be forfeited for nonpayment of rent.

In **Rea v. Helsey, 86 Oh Ap 114** (Franklin County), cited by defendant, it appears that equitable issues were raised on the pleadings in the Municipal Court and that Court found the tenant was entitled to equitable relief against a forfeiture. On appeal, the judgment was affirmed.

The case of **Adair v. Crepps, 81 Oh Ap 136** (Hamilton County), relied on by plaintiffs, was an action in forcible entry and detainer, brought in the Municipal Court. The defendants were in possession of real property under a lease containing a privilege of purchase clause. It appeared that defendants were in default for nonpayment of rent. The Court held that the privilege of purchase clause created an equitable interest in defendants, which deprived the Court of Jurisdiction. On appeal to the Court of Appeals, judgment was reversed on the ground that the bill of particulars stated a good cause of action in forcible entry and detainer, which raised the issue of right of possession.

In the Court's opinion, page 144, the Court said:

"If in truth and in fact defendants have a good defense to this action, calling for the exercise of equitable jurisdiction on the part of the court, pleading and proof will defeat this action for possession only." See **Jaeger v. Goldsweg, 42 Abs 340.**

In the instant case, the terms of the lease provide, among other things, that a "simple breach of any of the covenants" of said lease "shall of itself constitute a wrongful detention"; that no payment of money by defendant after notice of termination of the lease shall reinstate the lease.

The respective rights and duties of the lessor and lessee, which are binding on the parties to this action, are set forth in the lease in clear, comprehensive and unambiguous terms. No claim is made that either of the parties did not have a right to contract, or that any of the covenants in the lease were not binding on the parties, including the provisions relating to default and right of re-entry. **10 O. Jur. 2nd, 573, Sec. 503.**

It is not the province of the courts in actions at law, to reform contracts by judicial intervention, nor relieve a party from his contractual obligations fairly and honestly entered into.

In this case, no defense, equitable or otherwise (excepting a general denial considered as filed under the rules of the trial court), having been pleaded, the trial court erred in entering judgment for the defendant in this action on the ground that equity abhors a forfeiture, without first requiring defendant to plead his equitable defense, and considering the evidence introduced on the issues thus raised.

Judgment of the Municipal Court reversed and cause remanded thereto for a new trial, costs to abide final judgment.