In re The FRY BROS.
COMPANY, Debtor.

The FRY BROS. COMPANY, by the OF-
FICIAL UNSECURED CREDITORS'
COMMITTEE, Plaintiffs,

v.

VAN WATERS & ROGERS, A DIVI-
SION OF UNIVAR
CORPORATION, Defendants.

Adv. No. 1–84–0216.
Related Case No. 1–84–00791.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 25, 1985.

Richard Boydston, Strauss, Troy and Ruehlmann Co., L.P.A., Cincinnati, Ohio, for defendant Van Waters & Rogers, a Div. of Univar Corp.

Paul A. Nemann, Cohen, Todd, Kite and Stanford, Cincinnati, Ohio, for plaintiff Fry Bros. Co. by Official Committee of Unsecured Creditors.

Thomas C. Kilcoyne, Cohen, Todd, Kite and Stanford, Cincinnati, Ohio, for plaintiff.

George K. Fogg, Vorys, Sater, Seymour & Pease, Cincinnati, Ohio, for debtor.

### DECISION ON MOTIONS FOR SUMMARY JUDGMENT BY PLAINTIFF AND DEFENDANT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, standing in the shoes of debtor-in-possession, has brought this adversary proceeding praying for a declaration that defendant's lease is void. The first cause of action in plaintiff's complaint alleges that defendant's lease may be avoided by the plaintiff pursuant to 11 U.S.C. § 544(a)(3) and 11 U.S.C. § 1107. In the alternative, plaintiff asserts in the second cause of action in the complaint that the lease should be declared void because defendant has breached the lease. With its answer, defendant has filed a counterclaim for breach of the lease by plaintiff. Plaintiff and defendant have submitted an extensive stipulation of facts, on which they rely for their motions. Plaintiff has moved for summary judgment on both causes of action in the complaint. Defendant has moved for summary judgment on the first cause of action only. Neither motion addresses the counterclaim.

Addressing the cross motions for summary judgment on the first cause of action, we find, in accordance with F.R.C.P. 56(c), made applicable to this adversary proceeding by B.R. 7056, that defendant is entitled to summary judgment because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Further, we conclude that plaintiff is not entitled to summary judgment on the second cause of action, there being an issue of fact.

1. The First Cause of Action.

The issue presented relative to the first cause of action is whether plaintiff can avoid the unrecorded lease of defendant pursuant to the trustee's § 544(a)(3) strong arm powers, made available to the debtor-in-possession by § 1107. The relevant facts appear from the stipulation. Plaintiff, owner of certain industrial real property, entered into a lease agreement with defendant on March 12, 1984. It provided that defendant would have a lease for three years with an option to renew for another three years. The lease itself contained a prohibition on recording the lease but did permit recordation of a memorandum of the lease. Neither the lease nor a memorandum was recorded. Defendant was in "actual, adverse, continuous, exclusive, hostile, open and notorious possession of the leased premises on the date the bankruptcy petition was filed and thereafter." (Stipulation of Fact, No. 15). Plaintiff filed for relief under chapter 11 of the Bankruptcy Code on April 25, 1984, after the effective date of the lease.

Plaintiff asserts in its motion that it can avoid defendant's lease pursuant to § 544(a)(3) under this set of facts because plaintiff, as a bona fide purchaser, within the meaning of that statute, can avoid the unrecorded lease of a tenant in possession, and that defendant's possession of the premises is immaterial. Defendant, to the contrary, argues in its motion that plaintiff cannot have the status of a bona fide purchaser and thereby avoid the lease, because Ohio law must be applied, and under applicable Ohio law, a subsequent purchaser of real property cannot perfect his interest as against a tenant in open and notorious possession, even though the tenant has not recorded the lease or memorandum of lease.

The applicable statute, 11 U.S.C. § 544(a)(3) provides:

§ 544 **Trustee as lien creditor and as successor to certain creditors and purchasers.**

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

■ In determining whether a bona fide purchaser could exist for the purposes of § 544(a)(3), the statute requires us to look to state law. *McCannon v. Marston*, 679 F.2d 13, 15 (3rd Cir.1982); *In re Lewis*, 19 B.R. 548, 550 (Bankr.D.Idaho 1982). Therefore, the issue becomes whether or not, under Ohio law, open and notorious possession by a tenant who has failed to record the lease precludes bona fide purchaser status to a subsequent purchaser of the property.

■ Ohio law requires that a lease for a term exceeding three years be recorded or it is void against a subsequent bona fide purchaser without knowledge. Ohio Revised Code, §§ 5301.25, 5301.08. A lease of three years with an option to renew must be recorded. A memorandum of lease is permitted to be recorded in lieu of the lease itself. A bona fide purchaser is defined by Ohio law as one who acquires rights in good faith, for value, and without notice of prior legal or equitable rights. 54 O.Jur.2d *Vendor and Purchaser* Section 83. It is clearly the law in Ohio that open and notorious possession of property is notice to subsequent purchasers that the possessor claims some right in the property. 33 O.Jur.2d *Landlord and Tenant* Section 81. A subsequent purchaser of property in possession of a third person, therefore, cannot

be a bona fide purchaser. *See, McKinzie v. Perrill*, 15 Ohio St. 162 (1884) (which held that a purchaser of land in the actual possession of a third party is chargeable with notice of any equitable title of a party in possession); *Ranney v. Hardy*, 43 Ohio St. 157, 1 N.E. 523 (1885) (which held that a mortgagee was chargeable with the notice of a possessor's rights and interest in the premises whether or not the mortgagee knew of the possession).

This well established law was restated in two more recent Ohio cases. In *Sinclair Refining Co. v. Chaney*, 114 Ohio App. 538, 184 N.E.2d 214 (Seneca County 1961) it was held that a woman in possession of land under an unrecorded conveyance of a life interest was entitled to remain in possession as against a subsequent mortgagee. The court stated:

As a general rule in Ohio the purchaser of land in the actual possession of a third person is chargeable with constructive notice of the occupant's title and equities even though the fact of such possession is not actually known to the purchaser. *Kelley v. Stanbery*, 13 Ohio, 408; *Ranney v. Hardy-Zeller v. Bading*, 43 Ohio St, 157 [1 N.E. 523]; *Dunkel v. Hedges*, 15 Ohio App., 259, 265; *Butcher v. Kagey Lumber Co.*, supra (164 Ohio St., 85 [128 N.E.2d 54], 57 O.O., 102), at page 90; *Kemp v. Feldman*, 84 Ohio App., 154, 158, [81 N.E.2d 319], 39 O.O. 173, 174; 40 Ohio Jurisprudence, 1025, Vendor and Purchaser, Section 115; 33 Ohio Jurisprudence (2d), 281, Landlord and Tenant, Section 10; *Parsons v. Weinstein*, Trustee, 19 Ohio App., 521, 526.

*Id.* at 549, 184 N.E.2d 214.

In *State Fidelity Fed. Sav. & Loan Assn. v. Wehrly*, 25 Ohio Misc. 221, 263 N.E.2d 801, 54 Ohio Ops.2d 314 (Montgomery County 1970) an Ohio Common Pleas Court held that the interest of a grantee in possession of land under an unrecorded land contract took priority over federal tax liens. The court stated:

6. It is settled law in Ohio that the interest of a grantee or purchaser in possession is valid as against all subsequent purchasers or grantees from the same vendor or grantor for they are as much charged with knowledge of his interests by virtue of his possession as they would be had he recorded the contract or instrument of conveyance. *Kelley v. Stanbery*, 13 Ohio 408. *Ranney v. Hardy*, 43 Ohio St. 157 [1 N.E. 523]. *Sinclair Refining Company v. Chaney*, 114 Ohio App. 538 [184 N.E.2d 214], 20 O.O. (2d) 88.

■ This general rule applies to tenants in possession under unrecorded leases. An Ohio Court of Appeals in *Parsons v. Weinstein*, 19 Ohio App. 521 (Lorain County 1924) reviewed relevant Ohio law and stated:

These cases, therefore, conclusively establish that in equity the lessee in actual possession under the defectively executed lease, and the one in possession under the properly executed but not recorded lease, are entitled to hold possession of the property for the full period of their leases as against the plaintiff, and this is so whether or not the plaintiff had acutal (sic) notice of the occupancy of the premises at the time he purchased the mortgage, or whether or not his predecessor in title had actual notice of said occupation of said property.

*Id.* at 526. (Emphasis in original).

Because the parties in the present case have stipulated that the defendant's possession of the leased premises was open and notorious, we must conclude that bona fide purchaser status may not be accorded to debtor.

The argument of plaintiff to the contrary cannot avail it. Plaintiff argues that Ohio law requires a subsequent purchaser to have actual notice of the possession before he is precluded from obtaining bona fide purchaser status, but plaintiff's authorities simply do not support that conclusion. In those cases cited by plaintiff, the courts found that the subsequent purchaser was not a bona fide purchaser because he had actual knowledge of the prior person's possession, a fact pattern not relevant here. They do not address the issue of whether that purchaser could have been a bona fide purchaser without actual knowledge, which is the fact pattern in the case before us. See, *Kemp v. Feldman*, 84 Ohio App. 154, 81 N.E.2d 319 (Montgomery County 1948); *Schloss v. Brown*, 13 Ohio App. 294 (Butler County 1920).

■ Plaintiff's argument that the language "... without regard to any knowledge of the trustee ..." in § 554(a) makes Ohio law on constructive notice by virtue of possession irrelevant, must be rejected. The thrust of plaintiff's argument is that this language changes, and was meant to change, the law of Ohio regarding when a trustee can avoid a transfer of property. Such a conclusion is not tenable. *McCannon v. Marston*, 679 F.2d 13, 16–17 (3rd Cir.1982).

■ We conclude, therefore, that the subject lease cannot be avoided by the plaintiff pursuant to § 544(a)(3) because plaintiff cannot obtain the status of a bona fide purchaser under Ohio law. Accordingly, we will grant the defendant's motion for summary judgment. The complaint will be dismissed as to the first cause of action.

2. The Second Cause of Action.

In the second cause of action of the complaint, plaintiff alleges that defendant has breached the lease because it has failed to make timely monthly rent payments according to the requirements set forth in the lease, and further, that it has failed to pay certain monthly payments in the full amount required by the lease.

The stipulation of facts filed by the parties details the history of the rent payments made by defendant to debtor since the lease agreement was entered into until this action was filed. The relevant facts are as follows. Defendant bought substantially all of the assets of debtor February 28, 1984. In accordance with the purchase and sale agreement governing that transaction, the parties entered into a lease of the

subject premises at 3600 Cardiff Avenue in Cincinnati. Debtor refused to sell its assets to defendant except on the condition that defendant enter into a long term lease or agreement to purchase the subject premises. (Stipulation of Facts No. 6.) The lease agreement requires rent in the amount of $3,500.00 per month to be paid on the first day of each month and the lease further provides that failure to pay rent will constitute default and breach of the lease. In the event that there is a failure to pay on the first day of the month the debtor can notify the defendant of such default and the debtor is then required to remedy the default within three days, if the notice of default was personally delivered, and within five days if the notice of default was sent by ordinary mail. The purchase and sale agreement required the debtor to indemnify defendant in the event defendant was required to pay certain debts to debtor.

Defendant paid the appropriate amount of rent for the months of May, June, July, August and September on the 10th, 5th, 7th, 1st, and 5th days of the respective months. Defendant did not pay the required amount of rent for the months of April and October. On April 4, 1984, the defendant paid rent in the amount of $2,047.69. This amount is $1,452.31 short of the required rent. Defendant had deducted that amount from its rent payment because it was required to pay that amount to Cincinnati Bell to restore phone service to the premises. That amount was admittedly owed by the debtor. Defendant notified the debtor by letter and explained why it did not pay the full amount of rent. Debtor did nothing.

On September 20, 1984, after accepting the rent late from May until September, the debtor notified the defendant that it was in default for late rental payments since May and for not paying the full amount of April rent. This notice indicated that defendant had until September 26, 1984 to cure the default.

On October 1, 1984, defendant tendered a check to debtor in the amount of $3,017.00 for October rent. Debtor returned this check. Defendant had deducted the amount of $483.00 from the October rent because it had paid the O.K. Trucking Co. that amount on September 26, 1984. O.K. Trucking Co. was a creditor of debtor that debtor had failed to list in the purchase and sale agreement. Defendant notified debtor of the reason the rent for October was not in the full amount. Debtor sent defendant notice of default on October 1, 1984. Defendant tendered the full amount of rent on October 10, 1984. Debtor returned that check and declared the defendant to be in default. All rental payments due to the debtor from the defendant have been and are being put into an escrow account pending the outcome of this adversary proceeding.

Plaintiff has moved for summary judgment on count two pursuant to F.R.C.P. 56, made applicable to this proceeding by B.R. 7056. Rule 56 reads, in part:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Plaintiff relies on the stipulation of facts to support its contention that there is no genuine issue of material fact, while defendant contends that the stipulation shows that there are fact issues.

The factual stipulation is extensive and sets forth chronologically the entire history of the parties' relationship as far as the lease and rental payments are concerned. It details the contractual relationship of the parties. It states the defendant's reasons for not paying full rent on those occasions when it did not. The legal conclusion to be derived from these facts may be disputed, but the facts themselves are not. While there is no issue of fact, we conclude that plaintiff is not entitled to judgment as a matter of law, and therefore is not entitled to summary judgment.

The law of Ohio on a lessor's right to declare forfeiture for nonpayment of rent is expressed in a recent Ohio Court of Appeals decision:

Clauses in written leases which give lessors the right to declare forfeiture of a lease for nonpayment of rent are valid. However, unless a lessee's conduct is willful or malicious, or if compensation for the breach cannot be made due to the lessor, a court exercising its equity powers will grant the lessee relief from forfeiture. The forfeiture clause for nonpayment of rent is not strictly construed, rather, it is viewed as merely security for the payment of rent. The courts will balance the equities of the case and relieve the forfeiture where the equities favor the lessee. *See, Peppe v. Knoepp*, (1956), 103 Ohio App. 223 [140 N.E.2d 26].

Numerous Ohio cases involving lease agreements stand for the proposition that equity abhors a forfeiture and that a forfeiture will not be declared where the equities of the parties can be adjusted. See, *Gould v. Hyatt* (App.1926), 4 Ohio Law Abs. 468 [154 N.E. 173]. *Prosser v. Kruger* (App.1923), 1 Ohio Law Abs. 348; *Dietrich v. Ezra Smith Co.* (1920), 12 Ohio App. 243.

*Zanetos v. Sparks*, 13 Ohio App.3d 242, 244, 468 N.E.2d 938 (Franklin County 1984).

In that case the Court found the equities favored the tenant because the rent payment was only nine days late, the tenant had improved the property, and most of his payments had been timely. The court denied a forfeiture and stated that "payment of the rent would adequately compensate for any technical breach of the terms of the lease". *Id.* at 244, 468 N.E.2d 938.

Even more on point with the present facts is the case of *Southern Hotel Co. v. Miscott*, 44 Ohio App.2d 217, 337 N.E.2d 660 (Franklin County 1975). In that case, the court held that even though the landlord had properly complied with the provisions of the lease in declaring a forfeiture for nonpayment of rent, the landlord was not entitled to a forfeiture as a matter of law. The Court stated:

Analyzing the provisions of the lease, it is clear that plaintiff has technically complied therewith. Defendant covenanted to pay his rent on or before the first day of each month. The August 1974 rent was not paid on August 1, as required. On August 2 the landlord provided, to the place and manner required, a notice of arrearage. Eleven days then elapsed, more than the ten days required by the lease, before the plaintiff declared a forfeiture of the lease. That method was precisely as required by the terms of the lease, no more or no less.

The issue then presented is whether compliance with the provisions for forfeiture in the lease enables the landlord to obtain the relief of forfeiture as a matter of law ...

\*       \*       \*       \*       \*       \*

Forfeiture of a lease for nonpayment of rent is clearly subject to the power of a court in the exercise of its equitable jurisdiction to grant relief therefrom in a proper case. [Citations omitted]

\*       \*       \*       \*       \*       \*

Equity requires a balancing of all the circumstances, as indicated above, and no one equitable maxim provides the complete answer to this case or to most such cases.

*Id.* at 237, 238, 337 N.E.2d 660.

■ In the present case, debtor compelled defendant to enter the lease with which we are here dealing, in conjunction with the sale of debtor's business. Further, defendant has put the correct amount of rent due to plaintiff from March, 1984 (when the lease began) to the present in escrow. This would certainly compensate the plaintiff for any technical breach. In addition, in the purchase and sale agreement, debtor was required to indemnify defendant for the amounts that defendant deducted from the rent payments. Plaintiff has stipulated that defendant is owed the deducted amounts. Clearly, any breach by defendant was merely technical. Plain-

175

tiff is attempting to use such technical breaches for the purpose of ousting defendant so that the premises may be offered for sale without a tenant, a condition deemed by plaintiff to be more conducive to an advantageous sale. The equities evoked by those facts do not favor plaintiff. We cannot hold it entitled to judgment as a matter of law.

Plaintiff's motion for summary judgment on the second cause of action of its complaint will be denied.