[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The Cincinnati Metropolitan Housing Authority ("CMHA") filed a complaint for forcible entry and detainer defendant Andrea L. Brown for nonpayment of rent for the month of October 2000. CMHA had served Brown with notice of termination of her lease on or about October 17, 2000. CMHA then refused to accept Brown's rent when she attempted to pay on or about October 19, 2000. CMHA now appeals from the trial court's judgment that "forfeiture of the premises" was "not appropriate." CMHA raises two assignments of error: (1) that the trial court's decision was contrary to law because Brown had failed to comply with the payment conditions of the original lease and the seventh-day agreement considered by CMHA to be an addendum to the original lease; and (2) that the trial court's decision was an abuse of discretion.
At trial, Brown's counsel told the court that Brown admitted that she had failed to timely pay her rent for October 2000 and asked only that the trial court exercise its equitable power to avoid forfeiture. The seventh-day agreement had been executed by the parties for Brown's failure to timely pay her rent for the months of February and April 2000.
"Ohio courts have the power, and often exercise it, to relieve a tenant from the consequences of forfeiture of a leasehold interest."[1]
Numerous Ohio cases stand for the proposition that equity abhors a forfeiture, and that a forfeiture will not be declared where the equities of the parties can be adjusted.[2] A reviewing court must determine whether the trial court has abused its discretion in weighing the equities of a controversy to decide whether a forfeiture is to be declared.[3] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[4]
In this case, there is evidence to support the arguments of both parties. But, having reviewed the record, we cannot say that the trial court erred in balancing the equities in favor of Brown, or that the trial court abused its discretion by not ordering the extreme remedy of forfeiture of Brown's leasehold. Accordingly, the assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] Gorsuch Homes, Inc. v. Wooten (1992), 73 Ohio App.3d 426, 435,597 N.E.2d 554, 561.
[2] See Zanetos v. Sparks (1984), 13 Ohio App.3d 242, 244,468 N.E.2d 938, 941; Peppe v. Knoepp (1956), 103 Ohio App. 223, 228-229,140 N.E.2d 26, 29.
[3] See Joseph J. Freed Assoc. Inc. v. Cassinelli Apparel Corp. (1986), 23 Ohio St.3d 94, 96, 491 N.E.2d 1109, 1111; Zanetos v. Sparks,supra, at 244, 468 N.E.2d at 940.
[4] Blakemore v. Blakemore (1983) 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142.