Shohl, P. J.
The plaintiff, Alfred J. Schloss, was the tenant of one John A. Holzberger, occupying a store room in High street in the city of Hamilton. He had occupied the premises for a number of years, during the last five of which he had a lease, expiring December 31, 1917. Shortly after the expiration of the lease, the parties, on February 25, 1918, agreed to renew the lease for five years, and a written instrument was drawn up and duly signed by the parties. Plaintiff acknowledged it before a notary public in Hamilton county, but Holzberger never acknowledged it. It was recorded, however, on May 15, 1918. Eight days prior to the recording of the document, Holzberger sold the property to defendant, Walter S. Brown. A dispute arose as to whether Brown was bound by the terms of the lease, and Schloss filed this action for specific performance, joining his landlord and Brown, the transferee.
The plaintiff had occupied the store room continuously up to and including May 7, 1918, when Brown acquired a deed for it, and Brown for years was aware of his occupancy.
There was a conflict of testimony as to whether Brown had actual knowledge of the transaction between Holzberger and Schloss at the time he took his deed and paid the money. The evidence was taken partly in open court, and there is also a transcript of the testimony heard at the trial in the court of common pleas. In view of the conclusions *296 of the court on certain legal propositiox.j it has not been found necessary to pass upon the question of fact presented. The lease to Schloss, though not attested as required by Section 8510, General Code, was good between the parties as a contract. An imperfectly executed lease may operate to create an equitable estate in the lessee, if it be plainly shown that the instrument was intended as a lease and was accepted and treated as such by the lessee. Lessee of Foster v. Dennison, 9 Ohio, 121; Williams v. Sprigg, 6 Ohio St., 585; Holden v. Belmont, 32 Ohio St., 585; Lithograph Bldg. Co. v. Watt, 96 Ohio St., 74, and Allegheny Oil Co. v. Snyder, 106 Fed. Rep., 764, 769.
Under Section 8543, General Code, a lease for five years is deemed fraudulent until it is recorded, or filed for record in the office of the recorder, so far as relates to a subsequent bona fide purchaser having at the time of purchase no knowledge of the existence of such lease. If Brown was not a bona fide purchaser, he would take the property subject to the equitable right which is now admitted to have existed against Holzberger. It is the settled rule in Ohio that a purchaser of land which is in the actual possession of a third party, known to him, is chargeable with notice of any equitable title of the party in possession whatever the same may prove to be. McKinzie v. Perrill, 15 Ohio St., 162; Kelley v. Stanbery, 13 Ohio, 408; Williams v. Sprigg, 6 Ohio St., 585, 594; Ranney v. Hardy, 43 Ohio St., 157; Day, Williams & Co. v. Railroad Co., 41 Ohio St., 392; Columbus, S. & H. Rys. Appeal, 109 Fed. Rep., 177, 206, and note 13 L. R. A., N. S., 49, 66, 73, 96.
*297 The undisputed evidence shows that Brown was aware of the possession of the premises by Schloss. He, therefore, acquired the ownership from Holzberger, subject to the equitable rights of Schloss arising under the unrecorded contract of lease.
The prayer of the petition for specific performance will be granted.

Judgment for plaintiff.

Hamilton and Cushing, JJ., concur.