## METCALF v LAY et

Ohio Appeals, 6th Dist, Lucas Co

No 2794. Decided June 12, 1933

Gorman, Kirkley & O'Brien, Toledo, for plaintiff in error.

George A. Bassett, Toledo, and Frank H. Foster, Toledo, for defendants in error.

## OPINION

By RICHARDS, J.

Counsel for Lucille Metcalf offered in evidence a written contract relating to the purchase from her by Lay of the real estate under mortgage to The Toledo Trust Company. This contract dated March 23, 1928, recites that Lay had agreed to purchase the property for $19,000.00 when a warranty deed was furnished therefor clear and free from encumbrances. This contract was accepted and signed by Lucille Metcalf. The trial court excluded the contract from evidence and in so doing committed, in the judgment of this court, prejudicial error. The contract was competent evidence as to consideration, terms of sale and on whether the purchaser was buying merely an equity or buying the real estate subject to the mortgage. Conklin v Hancock, 67 Oh St, 455. Any direct evidence shedding light on the transaction was competent to aid the court in ascertaining the facts relating thereto. The deed itself does not contain an express assumption of the mortgage by the grantee nor an agreement to pay the same, but it is competent to show circumstances, if they exist, from which such an agreement could be implied. Thompson v Thompson, 4 Oh St, 333.

Counsel for Lucille Metcalf filed in the trial court a written application for a separate finding of facts and law, but this was ordered stricken from the files. In this we think the trial court erred. It is true that some of the matters asked to be found were not ultimate facts, and so were not properly included, but others included ultimate facts to be determined by the court. The court, of course, was not bound to find the facts to be as requested by counsel, but it was the duty of the court, upon request, to make a finding of the ultimate facts involved in the issue on trial.

It is said, however, that Lucille Metcalf in her cross-petition is demanding a personal judgment against William A. Lay and that not having paid the balance remaining due on the amount which she claimed he had assumed and agreed to pay, she can not recover. It is quite true that

even though it should be found, as a matter of fact, that Lay had assumed the payment of the mortgage, Lucille Metcalf would not be entitled to recover judgment against him for such an amount before she had paid the same, as was held in **Poe v Dixon, 60 Oh St, 124.** However, her cross-petition, after pleading appropriate facts, not only asks for a judgment but that Lay and Moyer may be decreed to save her harmless from the payment of any deficiency judgment and be compelled to exhaust their resources to satisfy any judgment that may be rendered against them and this defendant, before she be called upon to make any payment. This was equivalent to asking that the court should certify in the event of finding that Lay had assumed the payment of the mortgage as a part of the purchase price, that she was a surety and he the principal and she is in a position to insist on that equitable relief. When Moyer, the last grantee, assumed the payment of the mortgage, he became primarily liable for the indebtedness against the real estate and if it should be shown that Lay impliedly assumed the payment of the mortgage he became primarily liable after Moyer, for such indebtedness, and Lucille Metcalf would only be liable as surety.

Objection is made to the refusal of the trial court to permit an amendment of the cross-petition, but we think that was within the discretion of the trial court and that the cross-petition is sufficient in form without amendment.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.