See, also, case of *Hall* v. *Hall,* 78 Ohio St., 415, 85 N. E., 1125.

From a consideration of the authorities we are of opinion that the trial court properly refused the instruction requested, for the reason that such instruction failed to recognize, or rather to include, the presumption as to the due attestation, execution and validity of the will arising from the probate thereof.

Finding no error in the record in the respects urged by counsel for plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD, P. J., and HORNBECK, J., concur.

RAUPP *v.* FARNSWORTH.

(Decided June 29, 1933.)

*Mr. Harry J. Koehler, Jr.,* and *Mr. W. C. Shepherd,* for plaintiff in error.
*Mr. Clinton Egbert,* for defendant in error.

HAMILTON, P. J.  This error proceeding grows out of an action in the court of common pleas of Butler county to marshal liens on certain real estate belonging to Walter L. Seward.

The trial court, in passing on the several questions involved, determined that one Anna Farnsworth, by virtue of a mortgage in the sum of $8,000, given her by Walter L. Seward, had a first lien upon the real estate of Walter L. Seward.

The court further determined that Loretta Raupp, plaintiff in error here, had a lien on the real estate of Walter L. Seward by virtue of a certain provision in the deed for the real estate from her to Walter L. Seward.

The contention between these two lienholders was as to priority.

The court having determined Farnsworth's lien had priority over the lien of Loretta Raupp, Loretta Raupp prosecutes error to this court, claiming her lien to have priority over that of Farnsworth.

Defendant in error moves to strike the bill of exceptions from the files, which, upon consideration, this court overrules.

Walter L. Seward, through counsel, asked to be made a party defendant in this error proceeding, seeking to have the question of any lien of Loretta Raupp determined as to him.

Seward did not prosecute error from the judgment of the trial court holding Loretta Raupp to have a lien on the real estate as against him. He seeks now to inject that question into this error proceeding, brought by Loretta Raupp against Anna Farnsworth. Seward is not a proper or necessary party in determining the priority of liens between Raupp and Farns-

worth. He seeks to inject in her error proceeding against Farnsworth the question as to any lien of Raupp as to him. This he cannot do. The motion is overruled.

It appears that Loretta Raupp inherited from her husband, who died intestate, four-fifths of the real estate in controversy. Her husband died in 1925, seized of the fee-simple title to the real estate. The other one-fifth interest was owned by other heirs, subject to a life estate therein in Loretta Seward Raupp, plaintiff in error here. Later she deeded her entire interest to Walter L. Seward. The deed was executed in 1926 and contained this provision: "That the said Walter L. Seward in consideration of One ($1.00) Dollar and the further consideration that said Walter L. Seward shall each year from and after March 1, 1927, during the lifetime of said Loretta Seward pay to her the sum of One Thousand ($1,000.00) Dollars, the payment of which is hereby made a charge upon the real estate herein conveyed."

It is upon this clause in the deed that plaintiff in error relies in claiming a lien upon the real estate.

After Seward obtained the deed from the plaintiff in error, he filed a partition suit. In that partition suit, Loretta Raupp was duly made a party and entered her appearance.

The property was sold by the sheriff, Walter L. Seward bidding the property in. It was sold for cash, free of all liens. In that action, the court fixed the value of the interest of Loretta Raupp in money, based upon her expectancy in life, at the sum of $15,507.28, and this sum was ordered distributed to Loretta Raupp. The sheriff's docket shows the receipt by the sheriff of the purchase price of the sale and the distribution thereof.

Plaintiff in error claims she never received any money or any share of the fund arising from the sale

in discharge of her lien, so found by the court. Seward claims he paid her.

After Seward obtained the title he executed the Farnsworth mortgage. At this time Mrs. Raupp had no claim on the premises. The Farnsworth mortgage is, therefore, a prior lien to any rights plaintiff in error may have in the premises.

It is suggested in the brief of counsel for plaintiff in error that the defendant in error knew that Mrs. Raupp was living on the property, and had some interest, and, therefore could not be considered as an innocent mortgage holder, and cites the case of *Schloss* v. *Brown,* 13 Ohio App., 294. The facts in the case under consideration do not bring the *Schloss* v. *Brown* case in point. All that appears from the record in this case is that Loretta Raupp, who was the aunt of Seward, occupied the mansion house after Seward had secured a fee-simple title through the sale of the property, free of all liens. In the *Brown case* the party was occupying the premises under a lease. There is nothing to indicate possession of Loretta Raupp of the premises under any claim, and in fact she had none. Had the property been sold subject to the lien of Loretta Raupp, she could enforce the lien as against this claimant, and her lien would be prior. But it must be borne in mind that the property was sold free of her lien, and her lien was thereby extinguished, and she had no claim equitable or otherwise. It is true the trial court held Mrs. Raupp to have a lien as against Seward, undoubtedly on the theory that as to Seward the lien would not be extinguished until he paid her under the provisions of the deed. Whether that judgment was correct is not before us.

Our conclusion is that the trial court was correct in finding that Anna Farnsworth's lien has priority over any lien Loretta Raupp may have.

*Judgment affirmed.*

Cushing and Ross, JJ., concur.