**ALBRECHT, INC v STATE ex SQUIRE**

Ohio Appeals, 9th Dist, Summit Co

No 2721. Decided June 17, 1936

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Ross R. Ormsby, Akron, and Rice A. Hershey, Akron, for defendant in error.

**OPINION**

By WASHBURN, J.

This was an action by the superintendent of banks of the state of Ohio to recover judgments against several stockholders of a bank being liquidated under the laws of the state by said superintendent.

The claim made was for double liability under the constitution and laws of the state.

Two questions are presented for consideration:

First, that there was a misjoinder of parties defendant.

This court in a similar case **(Ach v State ex Fulton, Nc. 2176, Summit County).** in which no opinion was written, held against this claim, and the Supreme Court refused to review that judgment.

Other Courts of Appeals of this state have reached the same conclusion.

Baumgardner v State ex Fulton, 48 Oh Ap 5, 16 Abs 671.

Trustees of Ohio Wesleyan Univ. v Fulton, 50 Oh Ap 51, 16 Abs 487.

Second, complaint is made that the plaintiff did not allege and prove such facts as would justify the superintendent in taking possession of the bank under §710-89 GC.

The petition alleged that the superintendent "took over for liquidation, pursuant to §710-89 GC," the bank in question on the 12th day of July, 1933, and that said bank had theretofore been doing a general banking business and continued to do so "until the 12th day of July, 1933, when it was found to be in an unsound and unsafe condition for the transaction of its business, and insolvent or in imminent danger of insolvency, by the said" superintendent of banks.

We construe these allegation of the petition to allege that it appeared to the superintendent of banks that ▬▬▬▬ ▮ said bank was in an unsound or unsafe condition to transact its business, as set forth in subdivision 3 of said section.

It is urged, however, that the language "whenever it shall appear" in the first paragraph of said section does not mean whenever it shall appear "to the superintendent"; that he is not empowered and cannot be constitutionally empowered to decide whether a bank is in a condition which authorizes him to take possession of it; that if his taking possession be not justified by the facts he has no authority thereafter, under subdivision 9 of §710-95, GC, to declare that the assets of the bank "will be insufficient to pay its debts and liabilities" and enforce double liability of the stockholders of the bank; and that therefore if he subsequently does bring an action against the stockholders to collect double liability, he is bound to allege and prove that at the time he took possession the situation was such as to justify his doing so.

When all of the sections of the statutes relating to the superintendent of banks and his powers and duties are considered and construed together, we do not think they warrant any such contention. It is provided in §710-90, GC, that upon taking possession of the bank the superintendent of banks shall "forthwith" post a notice on the door of the bank, notifying the public of his action, and "File with the clerk of the Court of Common Pleas of the county in which the principal office of such bank is located, a notice to the effect that he has taken possession of the business and property of such bank for the purpose of liquidation," and then it is provided that such notice shall be docketed as an action in court to liquidate such bank; provision is also made for notice by advertisement in a newspaper, and §710-100, GC, provides that if such bank deems itself aggrieved by such action of the superintendent of banks, it may, at any time within 30 days after the superintendent has taken possession, apply to the Common Pleas Court of the county in which the office of such bank is located, to enjoin further proceedings in liquidation, and said court, after citing the superintendent of banks to show cause why further proceedings should not be enjoined, and hearing the allegation and proofs of the parties and determining the facts, may dismiss such application or enjoin the superintendent of banks from further proceedings, and direct him to surrender such business or property.

The right thus given is for the benefit of the stockholders who own and control the bank, and by appropriate action they may have determined the question of whether or not the superintendent of banks was justified, under §710-89, GC, in taking possession of the bank, and if they do not avail themselves of that right, and the superintendent of banks thereafter complies with all of the other provisions of the statutes with reference to the bringing of suits for double liability, they cannot litigate that question in said suits.

Baumgardner v State ex Fulton, supra.

Trustees of Ohio Wesleyan Univ. v Fulton, supra.

It is conceded in this case that the superintendent of banks did comply with all the other sections of the statute relating to suits to recover such double liability, and that under the Supreme Court decision he had a right to prevail in this action if neither of the two contentions hereinbefore referred to be sustained.

It being the judgment of this court that neither of said contentions should be sustained, the judgment of the Common Pleas Court is affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.