**PRICE BROTHERS COMPANY, Plaintiff-Appellee, v. WALTERS, Defendant, RABIN, Defendant-Appellant, RABINOWITZ, Appellant.**

No. 2124. Decided July 10, 1951.

444

Harshman & Young, Maxwell H. Stamper, Jr., of Counsel, Dayton, for appellee, Price Brothers Company.

A. W. Schulman, Dayton, for Larry Kafes, Hyman Rabin and Ella Rabinowitz, Defendants-appellants.

## OPINION

By THE COURT:

This is an appeal from a decree adjudging that plaintiff, Price Brothers Company, has a valid and subsisting mechanic's lien on real estate formerly owned by appellant, Ella Rabinowitz, now owned by defendant-appellant, Hyman Rabin. We do not find that Ella Rabinowitz was a party below, nor that she has been made a party in this Court.

The right of the plaintiff to maintain its cause of action depends upon the resolution of one issue only, viz.: Did the

general contractor, Walters, have a contract with Ella Rabinowitz, the owner of the real estate, through her agent, Larry Kafes, acting within the scope of his authority?

The real estate involved was known as 452 East Fifth Street, Dayton, Ohio, upon which there was a building, in which was located a place of business conducted by Larry Kafes. There were also rental apartments in this building. The structure upon which the lien is asserted was a garage or storage cement building to the rear of the old building, the contract price for the erection of which was $1,500.00. W. H. Walters, the general contractor, began the construction of the building but did not complete it and left the work. The construction was finished and paid for, according to the testimony of Larry Kafes, by himself.

The record discloses that Larry Kafes is a son-in-law of Ella Rabinowitz, who spent most of her time in Florida, coming to Dayton once a year in the summer time.

It is not disputed that Larry Kafes was the agent of Ella Rabinowitz, but the extent of that agency and whether or not the contract in question was made by him on behalf of his principal, is in dispute.

Walters did not testify, so that it does not appear whether he contracted with Kafes as an individual or as the agent of Ella Rabinowitz and that he so contracted with Kafes, as agent, does not appear except as it may be determined by implication.

Kafes, at the hearing in the Common Pleas Court, testified that he contracted with Walters on his own behalf; that he erected the building at his own cost; that his principal knew nothing whatever about its construction and did not know that it had been erected until sometime after it was completed.

The burden of proving a creditor and debtor relation between the owner, Ella Rabinowitz, and Walters, the general contractor, is upon the plaintiff. **Mahoning Park Company v. The Warren Home Development Company, 109 Oh St 358,** and to establish this relationship the plaintiff is obliged to prove that Walters contracted with Kafes as agent for Ella Rabinowitz and within the scope of his authority. The principal is bound by the acts of her agent acting within the apparent scope of his authority. Because of the fact that Walters, the principal contractor, does not assert that he contracted with Kafes, as agent for the owner, makes the burden upon the plaintiff more difficult.

The extent of the authority of Kafes to bind his principal is found in the fact that he was a son-in-law of the owner, had for several years rented the property which he and other

tenants leased, and remitted the rents to the owner. During this period of time he contracted, made and paid for minor repairs on the old building. These repairs were small, in the nature of providing bulbs for electric lights, and the fixing of toilets. In one instance he had some roofing put on the old building, the cost of which was $20.00. The most extensive repair that he had made was some plastering, but the employee who did the work testified that the contract was not awarded to him until after Kafes had gotten authority from Mrs. Robinowitz to have the work done.

In addition to the testimony of Kafes that the erection of the garage was his own effort, the deposition of Mrs. Rabinowitz is taken for the first time on this appeal and she testified that she did not order the construction of the garage, knew nothing about it, had never heard of the contractor, and learned for the first time of the erection of the building when she came to Dayton several months after it was completed.

Upon this testimony of authority to collect rents and make repairs only, we cannot find that the plaintiff has made proof that Kafes had real or apparent authority to contract for the erection of a building on the real estate owned by Mrs. Rabinowitz. The proof discloses that Kafes was an agent of Mrs. Rabinowitz with special and limited authority. This is true without respect to the testimony of Kafes or Mrs. Rabinowitz. If their testimony were disregarded in its entirety, the proof of the plaintiff, who had the burden, does not meet the requirements of the law. The plaintiff may not recover upon the weakness of the testimony of the defense, but upon the strength of its own proof.

The record being silent from any source other than Kafes and Mrs. Rabinowitz as to the terms of the contract between Kafes and the contractor, Walters, it does not appear that Walters even had knowledge of the limited authority of the agent, Kafes, and there is nothing to establish that he acted in reliance upon any apparent agency of Kafes. It is basic that a person dealing with a known agent must acquaint himself with the extent of the agent's authority. Especially is this true as to a special agent. There is no showing of general agency here.

Some reliance is placed upon the language of the opinion of Judge Matthias defining the term "agent" as used in the mechanic's lien law, at **page 373, Park Company v. Developments Company, 109 Oh St.** Although the language to which reference is made, if read generally, might lend some support to the claim of plaintiff, when read in connection with the question presented in the cited case is of no help to it. The question under consideration was the meaning of "agent" as

used in the mechanic's lien law as it refers to one upon whom service of notice may be made under §8315 GC.

We are satisfied that to give application to §8310 GC, Mechanic's Lien Statute, Walters must have had a contract either with Mrs. Rabinowitz, the owner, or with Kafes, her agent acting within the scope of his authority. The applicable language of the statute is:

"Every person who does work or labor upon, * * * or furnished material * * * for erecting, * * * a house, * * or other building on * * * any lot or land by virtue of a contract, express or implied, with the owner of any interest in the real estate, **or the authorized agent of the owner of** any interest in real estate, and every person who shall as material man furnish materials to such principal contractor in completing **any such contract,** shall have a lien to secure the payment thereof upon such other structure, etc." (Emphasis ours.)

The judgment in this Court will be that the plaintiff's petition be dismissed and for costs.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.