.JEAN LEHMAN et al., Plaintiffs, *v.* ISI FISCHZANG, Defendant.

Civil Court of the City of New York, Bronx County, November 23, 1966.

*Joseph W. Sweeney* for plaintiff. *Howard Eisenberg* for defendant.

ALVIN F. KLEIN, J. The controversy involved in the within action has been submitted to the court for determination upon an agreed statement of facts, pursuant to CPLR 3222.

In brief the facts are: Plaintiff, Jean Lehman, turned over to the defendant a man's ring which was to be converted into a lady's dinner ring. Thereafter the work was completed and the ring was picked up on November 9, 1960 by Jean Lehman, the plaintiff. At the time the plaintiff picked up the ring, defendant gave her a written appraisal on the ring in the sum of $1,500. About two weeks later, this plaintiff returned the ring to the defendant to have some additional work done on it because she "felt that it was scratchy." At this time plaintiff agreed with the defendant that when the repair was made to the ring defendant could mail the ring to the plaintiff.

On or about December 15, 1960, the defendant mailed the ring through the United States Post Office and insured it for about $170. While the ring was in the care, custody and control of the United States Post Office, the ring was either lost or stolen. The United States Post Office paid plaintiff the sum of $170.33.

The Camden Fire Insurance Association, as a plaintiff herein, now sues as subrogee of the original plaintiff, Jean Lehman, having paid $1,150 to her under its insurance coverage.

Initially, plaintiff Jean Lehman, solely, commenced an action in the Municipal Court, Queens County, which was subsequently transferred to the Civil Court, Queens County, against this defendant upon the same cause of action alleged in the complaint. The said action bore Index No. 1036/62. On May 22, 1963, judgment was duly given and entered in favor of the defendant herein and against the plaintiff Jean Lehman, dismissing her cause of action on the ground that the plaintiff was not the real party in interest.

In the leading case of *Sagendorph* v. *First Nat. Bank of Philmont* (218 App. Div. 285, 286–287) the court said: " There must be a special contract in order to require a bailee to insure property left in his care. Insurance is usually secured by the owner * * * There is no allegation that defendant agreed to insure plaintiff's property left in its care, and the fact that it insured its own property does not tend to establish that it must insure the bailee's."

(See, also, 5 N. Y. Jur., Bailment, § 46, p. 52; § 78, p. 94.)

It is quite clear from the agreed statement of facts that the plaintiff, Jean Lehman and the defendant agreed that the defendant could mail the ring to said plaintiff after the additional work was completed by the defendant. Nothing was said about or agreed as to insurance on the ring. When the defendant delivered the ring to the United States Post Office he did all that he was supposed to do and his obligation and his liability terminated.

The following two cases cited in the plaintiff's brief are not applicable to the case at bar. The case of *Miller* v. *Harvey* (221 N. Y. 54) involved a " sale " of goods and the provisions of the Sales Act and not a bailment. The case of *Fire Assn. of Philadelphia* v. *Fabian* (170 Misc. 665) on the facts and the law, has no relevancy.

The court has carefully considered all the agreed submitted facts herein and finds no negligence, a disregard of duty, or a breach of contract on the part of the defendant. (See *Polack* v. *O'Brien*, 114 App. Div. 366.) Accordingly, the complaint is dismissed on the merits.