BROWN, APPELLANT, *v.* CHRISTOPHER INN CO., APPELLEE.

[Cite as Brown v. Christopher Inn (1975),
45 Ohio App. 2d 279.]

(No. 75AP-44—Decided June 17, 1975.)

*Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. Edward F. Whipps,* for appellant.

*Messrs. Lane, Alton & Horst, Mr. William Millard* and *Mr. Thomas A. Dillon,* for appellee.

McCORMAC, J. This case comes before the court on the appeal of Barbara Brown, the plaintiff, from the trial court's decision directing a verdict for the Christopher Inn Company, the defendant, at the conclusion of plaintiff's evidence. The evidence most favorable to the plaintiff is that on June 29, 1972, she arrived in Columbus from her home in Syracuse, New York, and registered as a guest at the Christopher Inn, signing the registration card as Barbara Brown, and listing her occupation as antiques. Plaintiff was in Columbus to display her antiques at an antique show being held on the Ohio State Fairgrounds. Upon com-

pleting registration, the desk clerk gave her a room key and directed her to meet a porter, Mr. Gerald Pace, on the upper level of the parking garage owned by the Christoper Inn, where parking is provided as part of the consideration for renting a room. Plaintiff had no discussion with the room clerk or anyone connected with the management of the hotel with regard to the fact that she had valuable contents, or the safeguarding thereof.

Plaintiff drove her van to the appropriate parking level as instructed and there met Mr. Pace. She rejected Mr. Pace's original instruction for parking, explaining that she wanted to park under a light and near the elevator since she had valuables that she wanted to be safe. The porter responded that Mrs. Brown need not worry, that there were security guards on duty and that her van would be safe. No evidence was presented by plaintiff that the Christopher Inn did not have a security guard on duty. The initial registration and parking took place at approximately 6 p. m., and at approximately 11 p. m. Mrs. Brown checked her van to make sure that it was secure.

When Mrs. Brown checked her van the following morning, it had been broken into by persons unknown, and the entire contents were gone. Plaintiff brought this action against Christopher Inn for the value of the antiques that she was unable to recover. She concedes that no evidence of negligence was produced and that the sole basis for recovery is that the Christopher Inn absolutely guaranteed the safety of her valuables and became an insurer thereof as a result of her conversation with defendant's porter.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds that "a cause of action cannot be established against the defendant," and that defendant didn't believe plaintiff "proved their case."

The trial court's decision set forth the reason for the directed verdict, as follows:

"This cause came on for trial and was heard by the Court and Jury upon the opening statements of Counsel and the evidence adduced by the Plaintiff. At the conclusion of the Plaintiff's evidence upon motion of the Defendant for

a directed verdict in its favor pursuant to Civil Rule 50, the Court arrested the case from the Jury and sustained the motion of Defendant.

"The basis of the Court's decision in ruling on said motion is two fold:

"1. Assuming the truth of the testimony relating to the statements of the Defendant's employee the issue of reliance by the Plaintiff was determinative and that reasonable minds could come to but one conclusion and that being adverse to the Plaintiff.

"2. Further, with respect to the issue of reliance, the statements of the employee were neither a guarantee nor a warranty binding as such upon the Defendant and as a matter of law are not the proper subject for reliance or amenable to reliance by the Plaintiff in any form.

"It is, therefore ordered, adjudged and decreed that judgment be, and the same hereby is, rendered in favor of the Defendant and against the Plaintiff that the Complaint be dismissed at Plaintiff's costs."

Appellant has set forth two assignments of error, as follows:

"1. The trial court erred in concluding on the basis of reliance that reasonable minds could come to but one conclusion that being adverse to the plaintiff.

"2. The trial court erred in concluding that the statements of the employee were not a warranty or guarantee."

Civ. R. 50 (A)(4) sets forth the test to be applied by a trial court in ruling upon a motion for a directed verdict.

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The test, therefore, requires first that the evidence be construed most strongly in favor of the party against whom the motion is directed, in this case the plaintiff. Secondly,

after so construing the evidence, it must be found that reasonable minds could come to but one conclusion and that such would be adverse to the nonmoving party.

The first assignment of error concerns the question of whether plaintiff's proof shows as a matter of law that she did not rely upon the statement of defendant's porter. The argument is made by defendant that there was no reliance as a matter of law because plaintiff checked her van at 11 p. m., before going to bed, thereby demonstrating that she did not rely on the alleged representation of the porter since she made an independent investigation of her own. Defendant further contends that even though plaintiff testified that she relied upon the porter's statement in deciding to park her car and leave the contents therein, all of her testimony must be considered and that when the testimony is that of a party, the party's admissions become the basis of a question of law to be determined by the court. That rule has application in a case such as *Winkler* v. *City of Columbus* (1948), 149 Ohio St 39, where there was a clear statement of contributory negligence by the plaintiff, who admitted she knew the sidewalk on which she fell was bad and she was afraid of it. However, that rule does not apply in this case. Construing the evidence most favorable to plaintiff, as the court must in directing a verdict under Civ. R. 50, plaintiff's statement that she checked the van before going to bed does not admit a lack of reliance as a matter of law, and is not properly the basis of a directed verdict. However, this error is harmless as the verdict was properly directed for the reasons expressed in the discussion of assignment of error number two.

In her second assignment of error, plaintiff contends that the statement made by the porter that her property would be safe raises an issue of fact to be determined by the jury as to whether the statement constituted a warranty or guarantee. In support of this contention, plaintiff has cited only one case as authority, *Compton* v. *The M. O'Neil Co.* (1955), 101 Ohio App. 378. In that case, the plaintiff purchased a pressure cooker which exploded, injuring her. At the time the pressure cooker was purchased, plaintiff

asked the saleslady if it was safe, and the reply was "absolutely, it is safe, because M. O'Neil's stands back of everything they sell." The Court of Appeals reversed a trial court ruling that the saleslady's statement was an express warranty as a matter of law, holding that the statement presented a question of fact to the jury, whether or not it amounted to an express warranty. The basis for the ruling was a provision of the sales act stating that any affirmation of fact or promise relating to the goods is an express warranty if the natural tendency of the statement is to induce the buyer to purchase the goods and the buyer does so, relying thereon.

The statute, now R. C. 1302.26, relied upon in the *Compton* case has no application to this case because there was no sale of goods as defined under the Uniform Commercial Code. In addition, the bargain had already been struck, as plaintiff had registered at the hotel prior to the conversation taking place.

More importantly, however, the statement of a porter —who was directed by the room clerk to show plaintiff, a registered guest, to a parking location—that the contents of her car will be "safe" cannot reasonably be interpreted to be a binding commitment, guaranteeing or warranting the safety of the contents. The directed verdict test is whether *reasonable* minds could come to but one conclusion, construing all inferences favorably to the nonmoving party. In this particular instance, reasonable minds could come to the conclusion that the statement, at most, gave assurance that the hotel would take reasonable steps to provide for the safety of the contents of articles left in guests' automobiles, but not that the hotel assumed the status of an insurer or guarantor of those contents. Since no evidence was produced to indicate that the hotel did not take reasonable steps to provide for the safety of the contents, a directed verdict was justified.

Furthermore, plaintiff seeks to hold the employer responsible rather than the person who made the statement. A party who claims that a principal is responsible for the acts of an employee is obligated to prove the agency and

scope of his authority.    See *Price Brothers Co.* v. *Walters* (1951), 65 Ohio Law Abs.. 443, rendered by the Court of Appeals for the second district.    The only proof produced concerning the extent of the porter's authority was the statement by the room clerk that the porter would assist with parking, and the help provided and statements made by the porter in the parking garage.    Arguably, that would be sufficient proof of actual or apparent authority to bind the principal for liability arising from erroneous state-ments of fact about the parking conditions and the existence of a security guard.    That is, however, a far cry from the argument that the porter has apparent authority to bind the hotel to be absolutely responsible for the safety of the contents of a car being parked with the key taken by the patron.    Construing all inferences most favorably to plaintiff, no proof of that authority, actual or apparent, was presented.    Consequently, a directed verdict is also justified on that basis.

For the reasons expressed herein, plaintiff's assign-ments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.