Jonathan D. MORGENSTERN, Plaintiff,

v.

EASTMAN KODAK COMPANY, Defendant.

No. C 81–1043.

United States District Court, N.D. Ohio, E.D.

July 27, 1983.

Conrad J. Morgenstern, Cleveland, Ohio, for plaintiff.

Hal D. Cooper, Ellen L. Keller, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

This action was originally filed in the Court of Common Pleas of Cuyahoga County on April 15, 1981. The case was removed to this Federal District Court on May 18, 1981. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441.

In his complaint, the plaintiff, Jonathan D. Morgenstern, alleges that the defendant, Eastman Kodak Company (hereinafter "Kodak"), "failed and neglected to develop and return" an unspecified number of rolls of film that he had sent to Kodak laboratories in prepaid processing mailing envelopes ("PK 36 Mailers" or "Mailers"). Plaintiff alleges breach of contract, breach of warranty, fraud and deceptive trade practices. Further, plaintiff alleges that the limitation of liability printed on the mailers is a fraudulent, deceptive business practice, "in violation of policy."

Prepaid mailers are used by customers as an alternative to personally delivering their film to a local dealer for subsequent transmittal to a laboratory for processing. After having purchased a mailer, the customer encloses a completed roll of film in it, prints a return address on the mailer flap in a blank that is labelled "YOUR ADDRESS," and mails the film to any of a number of Kodak laboratories provided in a map illustration. When Kodak receives the film, the film is processed, then returned by mail to the address which the customer provided.

The plaintiff alleges that before leaving on a ten-month trip to Europe in the summer of 1978, he purchased an unspecified number of PK–36 Mailers and several rolls of film. Plaintiff alleges that as he completed the rolls of film, he mailed them from various points in Europe and the Middle East to Kodak laboratories in the United States and one in Geneva, Switzerland. In the space provided for his address, the plaintiff used either his Shaker Heights, Ohio address or his sister's address in Tel Aviv. Plaintiff contends that of those rolls of film which he mailed to Kodak, he has never received two.

As a result of these claims, plaintiff seeks compensatory damages in the amount of $50,000.00 and punitive damages in the amount of $50,000.00.

On December 3, 1980, the defendant filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(b), on the grounds that Kodak is not responsible for the loss of film alleged by the plaintiff. In support of its motion, the defendant submits the affidavit of Kenneth J. Kingston. In his affidavit, Kingston avers that he is the Director of Customer Services, Color Print and Processing Organization at Kodak. Kingston further states that it is his responsibility to investigate and respond to customer complaints about lost film; that an extensive search was conducted as a result of Morgenstern's complaint; and that an examination of records kept in the ordinary course of business revealed that all six films inquired about by plaintiff had been processed and mailed by Kodak laboratories. Kingston further explains the method of recordkeeping. The business records upon which these statements are based are also attached to the motion.

The plaintiff cross-moved for summary judgment on January 22, 1982. The plaintiff attached his own affidavit in support of this motion. In his affidavit, plaintiff states that he has not received two of the missing mailers, identified as PK 364674 and PK 495675. Plaintiff's affidavit does not set forth any facts which controvert the facts set forth in Kingston's affidavit as to the processing and mailing by Kodak of the two missing mailers.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment in its favor if it is clear from the evidence that there is no genuine issue of material fact and the mov-

ing party is entitled to judgment as a matter of law.

█ The instant transaction of processing film by use of prepaid mailers is a bailment for services. As such, the transaction is governed by the law of bailment, and not the UCC provisions of the Ohio Revised Code. *Brown v. Christopher Inn,* 45 Ohio App.2d 279, 344 N.E.2d 140 (1975); *Carr v. Hoosier Photo Supplies, Inc.,* 422 N.E.2d 1272 (Ct.App.Ind.1981). Thus, plaintiff's arguments that Kodak breached express and implied warranties are not well taken.[1]

█ In an action against a bailee sounding in contract, the bailor must prove three things to establish a prima facie case:

(1) The contract of bailment,

(2) delivery of the bailed property to the bailee, and

(3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment.

*David v. Lose,* 7 Ohio St.2d 97, 218 N.E.2d 442 (1966).

Since the parties do not dispute that the contract existed or that the bailed film was delivered to the bailee for processing, the first two factors of the test are not at issue here. Rather, the parties differ in their application of the third factor of the test to the instant case. Specifically, the parties do not agree about the point at which "redelivery" occurs in the prepaid mailer transaction.

The defendant contends that redelivery occurs when the processed film is delivered to the post office for mailing. The defendant argues that Kodak is not the guarantor for anything that happens to the film once it leaves Kodak's possession and control. Under defendant's argument, therefore, the post office acts as the bailor's agent for receipt of the bailed goods.

The plaintiff contends that redelivery occurs when the bailor actually receives the bailed film. Under plaintiff's theory, the post office acts as the bailee's agent for redelivery of the bailed film.

Case law dealing with the point at which redelivery occurs is sparse. The parties have not cited, and this Court has not found, any Ohio case dealing with this issue. Defendant cites the case of *Lehman v. Fischzang,* 52 Misc.2d 80, 274 N.Y.S.2d 971 (1966). In *Lehman,* the court held that the defendant-bailee, who had agreed to repair a ring and mail it to the plaintiff-bailor, without an agreement as to insurance, was not liable for the loss of the ring in the mails. The court noted that "when the defendant delivered the ring to the United States Post Office he did all that he was supposed to do and his obligation and his liability terminated." Id., 274 N.Y.S.2d at 972.

In the instant case, there is no express agreement providing for allocation of the risk of loss inherent in the use of the mail. Since there is no express agreement, much depends on the nature of the prepaid mailer transaction. In one sense, by creating the prepaid mailer as a convenient means for processing film, the bailee has determined the method of redelivery. However, use of the prepaid mailer is not the exclusive means by which a customer may have his film developed. Rather, it is a convenient alternative to personally delivering the film to a local dealer for processing.

Since it is the customer-bailor's choice to use the mail, it is reasonable to allocate the risk that the film will be lost in transit to

---

1. Plaintiff also argues that written statements on the prepaid mailer act as a guarantee that the customer will receive the film. The two provisions upon which plaintiff relies read as follows:

ENCLOSED MAILER ENTITLES THE USER TO KODAK PROCESSING AND MOUNTING OF ONE 36 EXPOSURE ROLL OF KODACHROME OR ECKTACHROME FILM SIZE 135. *SLIDES WILL BE RETURNED IN 2 × 2 INCH MOUNTS.*

and

*PROCESSED FILM WILL BE RETURNED DIRECTLY TO YOUR ADDRESS.* (emphasis added).

Plaintiff's argument is without merit. It is obvious that the former provision describes the form in which the slides will be returned, and the latter describes the place to which the film will be sent.

the customer-bailor. This is not to say that the bailee would be absolved from liability for any loss of film occurring before the film is processed and mailed. However, once the film is processed and mailed, it is out of the bailee's control, and the risk of loss passes to the bailor.

Therefore, this Court finds that when the plaintiff chose to have his film developed by use of the prepaid mailer, plaintiff constituted the post office his agent for purposes of receipt of the bailed film. Accordingly, when the bailee mailed the film to the address supplied by the bailor, "redelivery," as contemplated by the third prong of the *David v. Lose* test, occurred, and the bailee's liability to the bailor ceased.

This Court finds that, based upon the uncontroverted facts in the instant case, the defendant Kodak delivered the "missing" rolls of film to the post office for mailing to the address listed on the mailers, as contemplated by the bailment contract. Further, this Court finds that, as a matter of law, the defendant Kodak's duties as bailee ended, and the bailment was terminated, when the processed film was delivered to the post office.

Therefore, this Court finds that there exists no dispute of material fact, and the defendant is entitled to judgment as a matter of law.

Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. The complaint is hereby dismissed.

IT IS SO ORDERED.