**ENDERSBY, Appellee,**

v.

**SCHNEPPE, Appellant.**

[Cite as *Endersby v. Schneppe* (1991), 73 Ohio App.3d 212.]

Court of Appeals of Ohio,
Allen County.

No. 1–90–5.

Decided April 19, 1991.

*David Fassett,* for appellee.

*Stephen L. Becker,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal by Roger Schneppe from a judgment of the Common Pleas Court of Allen County awarding judgment against him for money damages

due to appellee's lost profits arising from appellant's breach of a lease of real estate.

Appellant (hereafter "Schneppe") contracted to buy a business lot from Dave Endersby (hereafter "seller") with notice of the unexpired term of a lease for part of the premises held by the seller's brother, Michael Endersby (hereafter "lessee"). In completion of the purchase contract, seller conveyed the real estate to Schneppe by deed without exception of lessee's leasehold from the grant.

The trial court found that Schneppe, after taking possession under the deed, reduced the lot area claimed by lessee under the lease and discontinued the electricity the lease required the lessor to furnish. Finding these actions to have occurred and to be a breach of the lease, in consequence, the trial court awarded to lessee, as damages, profits claimed to have been lost from lessee's inability to conduct a used car business on the leased premises.

Although he agreed by purchase contract to assume the seller's obligations as lessor of lessee's lease of a portion of the premise to be purchased, Schneppe argues that the promises of the purchase agreement are extinguished by merger of that agreement in the terms of the deed delivered and accepted in completion of the real estate conveyance, thus relieving him of obligations not preserved in the deed terms. Schneppe assigns as error:

"The trial court erred in overruling the defendant's motion to dismiss on the doctrine of merger."

The doctrine of merger by which Schneppe claims his defense, simply stated, provides that "[w]here a deed is delivered and accepted without qualification pursuant to agreement, no cause of action upon the prior agreement thereafter exists." *Fuller v. Drenberg* (1965), 3 Ohio St.2d 109, 32 O.O.2d 91, 209 N.E.2d 417, paragraph one of the syllabus.

Schneppe seeks to avoid lessee's lease because it was not excepted from the seller's conveyance to him by terms of the deed given, notwithstanding his agreement to purchase the premises subject to the lease and to abide by it.

Here, Schneppe was not an original party to the lease by the seller to the lessee. The lessee was not a party to the purchase agreement by which Schneppe agreed to abide by the lease. The deed does not refer to the lease. It is apparently undisputed that the lease, for a two-year term only, is unrecorded. It is also undisputed that Schneppe had actual knowledge of the lease and its terms. The trial court observed no fraud or misrepresentation under the circumstances. Schneppe knew the lessee was in possession of the leased portion of the premises pursuant to the lease and that one year remained of the lease term. Thus, the recording statute, R.C. 5301.08, is not

involved here nor is the Statute of Frauds, *Egner v. Egner* (1985), 24 Ohio App.3d 171, 24 OBR 261, 493 N.E.2d 999, nor, in our view, is the doctrine of merger.

It might be argued that lessee here stands in the position of a third party beneficiary of the purchase agreement between Schneppe and the seller, his right of action thus dependent upon survival of his cause of action to enforce the agreement to observe the lease not mentioned in the deed accepted by Schneppe. That argument, Schneppe's here, assuming the necessity to avoid the merger, must fail, however, for as observed by the court in *Berry v. Cleveland Trust Co.* (1935), 53 Ohio App. 425, 431, 7 O.O. 278, 280, 5 N.E.2d 702, 705:

"It is definitely settled in Ohio that a written agreement between the grantor and the grantee for the conveyance of real estate is not executed by and merged in the deed as to the stipulations to be performed by the grantee; that, while the agreement to convey is performed by the execution and delivery of the deed conveying whatever was, by the terms of the contract, to be conveyed, it does not execute any of the stipulations of the grantee as to the consideration to be paid for the property; and that the agreement as to other matters than mere conveyance is not thus performed or satisfied. The deed is to be considered as a part of the transaction, in connection with, and not to the exclusion of, the contract between them; that is, both the deed and the contract are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract. *Conklin, Trustee v. Hancock*, 67 Ohio St., 455, 66 N.E., 518; *Brumbaugh v. Chapman*, 45 Ohio St., 368, 13 N.E., 584; *Reid v. Sycks*, 27 Ohio St., 285; *Metcalf v. Lay*, 16 Ohio Law Abs., 487."

See, also, 80 Ohio Jurisprudence 3d (1988), Real Property Sales and Exchanges, Section 61, concerning the effect of merger on the obligations of the purchaser of real estate pursuant to contract.

We believe, however, that lessee's rights here in suit are derived directly from the lease.

"It is the settled rule in Ohio that a purchaser of land which is in the actual possession of a third party, known to him, is chargeable with notice of any equitable title of the party in possession whatever the same may prove to be." (Citations omitted.) *Schloss v. Brown* (1920), 13 Ohio App. 294, 296, 32 Ohio C.A. 251, 252.

In addition to the express agreement by which Schneppe assumed the obligations of the lease in question, it is clear from the record and Schneppe does not deny his knowledge that lessee claimed possession under the lease, and that he had seen the lessee operating a business and displaying used automobiles there.

Under the circumstances, the trial court did not err in finding no bar by merger to lessee's right of action for breach of a valid lease.

Appellant's first assignment of error is overruled.

Appellant's second, third, and fifth assignments of error which follow present different arguments concerning the trial court's award of damages based on lost profits. We discuss them together.

"The trial court erred in awarding lost profits to the plaintiff where the plaintiff failed to present any documentary evidence of lost profit."

"The trial court erred in awarding lost profits to the plaintiff where the lost profits were purely speculative in nature."

"The trial court erred in awarding lost profits to the plaintiff where such profits were not clearly in the contemplation of the parties at the time of contracting."

■ In Ohio, a defendant sued for breach of contract may be liable for the claimant's loss of profits resulting from that breach. *Stephan's Machine & Tool v. D & H Machinery Consultants* (1979), 65 Ohio App.2d 197, 19 O.O.3d 155, 417 N.E.2d 579. To recover lost profits, the claimant must establish the following: (1) profits were within the contemplation of the parties at the time the contract was made; (2) the loss of profits is the probable result of the breach of contract; and (3) the profits are not remote and speculative and may be shown with reasonable certainty. *Combs Trucking, Inc. v. International Harvester Co.* (1984), 12 Ohio St.3d 241, 244, 12 OBR 322, 325, 466 N.E.2d 883, 887. The claimant bears the burden of proving his loss. *Price Brothers Co. v. Walters* (1951), 65 Ohio Law Abs. 443, 115 N.E.2d 12.

■ Appellant's fifth assignment of error alleges that profits were not in the contemplation of the parties at the time of contracting. The record indicates the contrary. The lease entered into by Michael and David Endersby specifically provided for the operation of a used car lot on the leased property. Undoubtedly, profits of some measure were contemplated by the parties to it at the time this contract was made. As successor lessor, Schneppe is bound by this lease contemplating profit from the business to be operated on the leased premises.

Appellant's fifth assignment of error is without merit and is overruled.

■ This court has adopted the rule for proof of lost profits set forth in *Kinetico, Inc. v. Independent Ohio Nail Co.* (1984), 19 Ohio App.3d 26, 19 OBR 92, 482 N.E.2d 1345:

"Proof of lost profits must be reasonably certain and may not be speculative. Where conclusory evidence of lost profits is presented, without support-

ing information explaining how the profits were calculated, there is insufficient evidence of such lost profits." *Ott v. The Marion Plaza, Inc.* (Aug. 31, 1987), Marion App. No. 9–85–27, unreported, 1987 WL 16265.

Upon reviewing the record on appeal, we believe there is insufficient evidence upon which to make an award of damages for lost profits.

"More is required of the plaintiff than merely his assertion (either directly or through an expert witness) that he would have made a particular amount in profits. Unless the figure is substantiated by calculations based on facts available or in evidence, the courts will properly reject it as speculative and uncertain. * * * " R. Dunn, Recovery of Damages for Lost Profits 2d (1981) 223, Section 5.4 (as quoted in *Kinetico, Inc. v. Independent Ohio Nail Co.* [1984], 19 Ohio App.3d 26, 30, 19 OBR 92, 96, 482 N.E.2d 1345, 1350).

The only evidence in the record regarding lost profits is the testimony of Michael Endersby. This testimony is not supported by other facts or documents in the record. Assuming the credibility of this testimony, it is still insufficient proof, for all items of gross revenue, expense and profit from November 1987 through November 1988 are phrased generally and do not provide a necessary basis for calculation of either actual or anticipated but unrealized profit. Appellee's testimony fails to set forth the cost of his automobiles or give the number or resale value of the cars in his inventory, or indeed, of any demand or other basis from which to predict sales. Without such information and more in the record, any award of profits is uncertain and purely speculative. Appellant's second and third assignments of error are well taken.

Appellant asserts as his fourth assignment of error:

"The trial court erred in awarding the plaintiff lost profits for proposing to conduct an activity which would be illegal under the Ohio Administrative Code."

The fact that a tenant's use of leased property may be illegal does not, in the absence of a provision to that effect, give the landlord the right to terminate that tenancy. 65 Ohio Jurisprudence 3d (1986), Landlord and Tenant, Section 479.

Appellant argues that operation by appellee of Quality Motors would have been illegal pursuant to Ohio Adm.Code 4501:1–3–08. The record does not establish illegality of appellee's interrupting and recommencing operations and we may not speculate for purposes of rendering an advisory opinion. The fourth assignment of error is not well taken.

Appellant asserts as his sixth and final assignment of error:

"The trial court erred in awarding the plaintiff damages for lost profits when the evidence clearly indicated that the plaintiff failed to take any steps to mitigate his damages."

A claimant seeking recovery for a breach of contract must use ordinary care and reasonable diligence to minimize or mitigate damages resulting from the breach. *Foust v. Valleybrook Realty Co.* (1988), 4 Ohio App.3d 164, 4 OBR 264, 446 N.E.2d 1122. Thus, a lessee is required to make a reasonable effort or expenditure to mitigate damages. *Ott v. Marion Plaza Inc., supra.* A review of the record indicates no such effort by appellee to mitigate damages by operating his business on diminished premises, or during daylight hours, or to make arrangements for alternative provisions of electricity, or even to operate his business after a feeble attempt in January 1988 to reopen from a closing unrelated to any act or action of Schneppe. The only other action taken by Endersby was the filing of this action in March.

Appellant's sixth assignment of error is well taken. The judgment of the Common Pleas Court of Allen County is reversed and remanded with instruction to enter judgment for defendant-appellant.

*Judgment reversed*
*and cause remanded.*

Evans and Shaw, JJ., concur.