BRYANT, P.J., dissenting. I dissent from the majority opinion for the following reasons. In this case, Smith received a default judgment.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113. Here, the trial court found that LMH presented a colorable defense to the complaint and that the motion for relief was timely filed. Thus, the only issue for review is whether LMH's neglect was excusable.
"Fairness and justice are best served when a court disposes of a case on the merits." DeHart v. Aetna Life Ins. Co. (1982),69 Ohio St.2d 189, 193, 431 N.E.2d 644, 647. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at syllabus. "The concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed. . . ." Colley v. Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605,610.
 The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." * * * Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. * * * Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion.
 This is exactly what appellant did in this case. Rather than blankly assert that it was entitled to relief, appellant put forth evidence to substantiate its motion. Appellant's counsel attached three separate affidavits * * * to attest to the fact that he had timely prepared an answer but that his secretary had inadvertently placed the pleadings back into the file drawer rather than mail them to the court for filing and to opposing counsel. * * * Appellant's counsel did precisely what the rules require of him—through the submission of affidavits and accompanying exhibits, appellant alleged sufficient operative facts tending to show "excusable neglect." Since appellant supported its motion with operative facts warranting relief, the trial court should have granted appellant's motion for relief from judgment and abused its discretion in failing to do so.
Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20-21,665 N.E.2d 1102, 1104, (citations omitted).
In this case, LMH submitted affidavits setting forth LMH's procedures for forwarding complaints to counsel. The affidavits also stated that a secretary had failed to follow the procedures and did not forward the complaint. The secretary admitted to this failure in her affidavit. Finally, the affidavits indicated the steps taken to correct the problem and assure that a similar mistake does not occur in the future. The failure of an employee to follow set procedures and forward a complaint to the proper party has been found to be excusable neglect. See Perry v. Gen. Motors Corp. (1996), 113 Ohio App.3d 318, 680 N.E.2d 1069, Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578,607 N.E.2d 914, Sycamore Messenger, Inc. v. Cattle Barons (1986),31 Ohio App.3d 196, 509 N.E.2d 977, and Kinter v. Giannaris (Mar. 25, 1994), Geauga App. No. 93-G-1781. The evidence before the trial court indicates that the secretary previously had delayed sending complaints to counsel. However, there is no evidence in the record to indicate that any prior default judgments against LMH exist. Based upon the rapid response to the default judgment, the evidence proffered to substantiate its claim of excusable neglect, and the steps taken to prohibit the problem from repeating itself in the future, the trial court erred in finding a "complete disregard of the judicial system." Therefore, I would sustain the first assignment of error.
The second assignment of error alleges that the trial court should have granted LMH's motion for a directed verdict on the issue of lost profits. LMH claims that the lost profits were too speculative to permit recovery.
 The general rule for the recovery of compensatory damages is that injury and the resulting damage must be shown with certainty and not be left to conjecture and speculation. It is uncertainty as to the existence of damages, not uncertainty as to the amount, which precludes recovery.
Pietz v. Toledo Trust Co. (1989), 63 Ohio App.3d 17, 22,577 N.E.2d 1118, 1123 (citations omitted).
This court has addressed the issue of proof required to receive lost profits previously.
 Proof of lost profits must be reasonably certain and may not be speculative. Where conclusory evidence of lost profits is presented, without supporting information explaining how the profits were calculated, there is insufficient evidence of such lost profits.
* * *
 More is required of the plaintiff than merely his assertion (either directly or through an expert witness) that he would have made a particular amount in profits. Unless the figure is substantiated by calculations based on facts available or in evidence, the courts will properly reject it as speculative and uncertain.
Endersby v. Schneppe (1991), 73 Ohio App.3d 212, 216-17,596 N.E.2d 1081, 1084. Here, the only evidence of the lost profits was Smith's testimony that she might have earned between $2,500 and $3,000 per year in profits. There was no documentary evidence admitted to verify this information. Without more than Smith's assertion as to the amounts of profits, regardless of how minimal, they are speculative and the court should have rejected it. The second assignment of error should be sustained. For these reasons, I would reverse the judgment of the trial court.